■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of DARLENE MANNING, Respondent, v ANTONIO EVANS, Appellant.—Order, Family Court, New York County (Bruce M. Kaplan, J.), entered

October 27, 1987, denying respondent's objections to an order of support, entered July 16, 1987, after respondent, by order of the same court and Judge, entered June 26, 1987, had been declared the father of Lavonna Manning, unanimously affirmed, without costs or disbursements.

On or about April 10, 1987 petitioner filed a paternity and support petition alleging that respondent was the father of the subject child. On May 12, 1987, a process server served the summons and petition upon respondent by delivering it to a person of suitable age and discretion at an address, 90-24 148 Street, Jamaica, Queens, given to her and her attorney by respondent's employer. That person, approximately 28 years of age, identified himself as respondent's cousin, verified that respondent lived at that address and told the process server that he would see to it that respondent received the documents. The next day the process server mailed another copy of the summons and petition to petitioner at the same address. On May 27, 1987, the return date of the summons, respondent failed to appear; petitioner and her attorney appeared before a Hearing Examiner, who, after questioning petitioner about respondent's address, found service complete, adjourned the matter to June 26, 1987 and ordered that the court send a final notice to respondent. On June 26th, petitioner and her attorney appeared before the court and testified as to her relationship with respondent and the birth of her child; respondent again failed to appear. The court found clear and convincing evidence of paternity. On the same date an order of filiation was entered declaring respondent the father of the child, as well as a temporary order of support directing respondent to pay the sum of $25 weekly and referring the matter to a Hearing Examiner for a final determination on that issue. On or about June 30, 1987, the clerk sent a notice to respondent at 90-24 148 Street, Jamaica, New York 11432, requesting his appearance at the July 16, 1987 hearing. At the hearing, at which respondent again failed to appear, petitioner testified that she was receiving welfare checks amounting to $44.07 per week for the support of her child. An order was entered that day directing respondent, *inter alia,* effective July 30, 1987, to pay $44 per week for the support of the child and to pay retroactively $660 in weekly payments of $6. In another order entered that date, respondent's employer, the Jamaica Arms Hotel, was directed to deduct the sum of $50, weekly, from respondent's wages and to remit that amount to the court's Collection Unit.

Respondent, on or about August 14, 1987, filed objections to the support order in a document on the upper right hand corner of which appears the handwritten address, 90-24 148 Street, Queens, New York, the same as that which is listed on the process server's affidavit of service. Respondent objected to the support order on the grounds that the child was not his and that he was never served and that the person who accepted and signed for the summons and petition was not related to him and did not have his permission to accept service. He did not, at that time, as he was to later, assert that the process server had attempted service at the wrong address. The court sustained the objections to the extent of vacating the support order if respondent appeared before a Hearing Examiner on September 28, 1987 to furnish information as to his income and expenses. A hearing notice was mailed to respondent by the clerk, apparently to the 90-24 148 Street, Queens, New York address. (Also appearing, inexplicably, on the notice, in a different handwriting and ink type, and in a section of the notice not generally used for writing, is the address, 87-70 148 Street, Jamaica, New York.) When respondent failed to appear at the hearing, the Hearing Examiner issued an order continuing the order of support.

Respondent thereafter, on September 30, 1987, filed a second set of objections, again asserting that the child was not his and, for the first time, claiming that, because the court had the wrong address, he was never served with a summons to appear in court. He stated that his address was 89-72 148 Street, Jamaica, New York. (For some unknown reasons, this address—89-72 148 Street—is crossed out in the document's upper right hand corner and the address 87-72 148 Street is handwritten in that same corner.) Respondent's second set of objections was rejected, the court finding that "notice to respondent was sent to the address which appears in [his] handwriting on his 8-14-87 objection[s,] obviating his contention of lack of notice." Respondent appeals, renewing his challenge to Family Court's exercise of jurisdiction over him.

Respondent's jurisdictional claims should be rejected. In his first set of objections respondent claimed that he was never served and that the person who signed for the summons and petition was not related to him and did not have his permission to accept service. These claims were properly rejected since there is no statutory requirement that the person be "related" to the person to be served or that he have that person's consent to accept service. The only requirement is

that the person served be a "person of suitable age and discretion". (Family Ct Act § 525 [a]; *see,* CPLR 308 [2].) Respondent never asserted that the 28-year-old male who identified himself as his cousin was not a "person of suitable age and discretion" at his "dwelling place or usual place of abode". (Family Ct Act § 525 [a].) Nor did respondent assert in his initial set of objections that the process server failed to comply with the statute by delivering the summons to the wrong address or improperly mailing it. Now, on appeal, for the first time, respondent argues that service was improper because the process server failed to comply with the statute's mailing requirement. Citing no authority, respondent argues that "[m]ailing the summons to [respondent's] last known address, as opposed to his usual place of abode or dwelling place, is critical for compliance under the statute." This argument, even if preserved, fails. In delivering the summons to a "person of suitable age and discretion" at the current home address of respondent obtained by the Commissioner of Social Services from his employer, respondent's "dwelling place or usual place of abode", and mailing the summons to the same address, the process server fully complied with the statute.

While respondent did assert, in his second set of objections, that he never received the summons because the court had the wrong address, this belated challenge is clearly suspect and does not negate the possibility that respondent could have, since the date of service of the summons, moved to another address. His allegations are bald conclusions. As to respondent's current claim that he did not reside at 90-24 148 Street, we, like Family Court, cannot blind ourselves to the fact that the address listed on his first set of objections reflected that very address. In the circumstances presented, respondent's faulty and clearly suspect jurisdictional claims were properly rejected. In the circumstances, no hearing was required. We affirm. Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Smith, JJ.