■ MELANIE POTAMIANOS, Respondent, v CONVENIENT FOOD

MART, INC., Appellant. [602 NYS2d 702] —Appeal from an order of the Supreme Court (Doran, J.), entered August 21, 1992 in Schenectady County, which, *inter alia,* granted plaintiff's motion to amend the summons and proof of service.

Plaintiff sustained injuries on November 16, 1987 when she fell in the parking area of certain premises in Schenectady County. Although the complaint alleged that defendant owned, operated and maintained a retail food store at the location where plaintiff fell, said premises were in fact owned by Peter Knight and Joan Knight pursuant to a franchise agreement with CFM Enterprises, Inc., an independent contractor which acted on defendant's behalf. The franchise agreement, which granted the Knights the right to operate a food store under defendant's registered service mark, provided that the Knights had the legal responsibility for maintaining the interior and exterior premises in good repair. Just prior to the scheduled trial of this action in March 1992, plaintiff's former counsel realized that defendant was not the party legally responsible for maintaining the subject premises. As a result plaintiff moved pursuant to CPLR 305 (c) to, *inter alia,* amend the summons and proof of service to include "Peter Knight d/b/a Convenient Food Mart" as a party defendant. At the same time defendant moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion and denied defendant's motion. Defendant now appeals.

CPLR 305 (c) vests a court with the discretion to permit amendments to any summons and proof of service provided that "a substantial right of a party against whom the summons issued is not prejudiced". Such amendments are allowed to cure a misnomer in the description of a party defendant, even after the Statute of Limitations has run, as long as the intended party defendant has been served with process and said party was not misled by the misnomer *(see, Simpson v Kenston Warehousing Corp.,* 154 AD2d 526; *Creative Cabinet Corp. v Future Visions Computer Store,* 140 AD2d 483, 484-485; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C305:4, at 263). Once jurisdiction is established, the sole test to apply in determining the motion is one of prejudice.

Contrary to her contention, plaintiff did not acquire jurisdiction over Peter Knight as she did not comply with the delivery *and* mailing requirements of CPLR 308 (2). Having no jurisdiction over Knight, Supreme Court lacked the power to grant the amendment. Moreover, the purpose of a CPLR 305

(c) amendment is to correct the misnaming of an existing defendant, not to add a new defendant *(see, Ober v Rye Town Hilton,* 159 AD2d 16, 21-22). Plaintiff did not *misname* defendant. Until such time as she realized her error with regard to defendant's legal responsibility in this matter, plaintiff always intended to sue defendant.

Finally, because the record clearly establishes that defendant did not create the allegedly dangerous condition in the parking area, nor did it own or have any legal duty to maintain said premises, its motion for summary judgment dismissing the complaint should have been granted *(see, Turrisi v Ponderosa, Inc.,* 179 AD2d 956, 958).

Weiss, P. J., Mercure, Cardona, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiff's motion denied, defendant's motion granted, summary judgment awarded to defendant and complaint dismissed.