■ DAVID VANDERMALLIE, Respondent, v LEO LIEBECK et al., Appellants. [639 NYS2d 208] Memorandum: Supreme Court improvidently exercised its discretion in granting plaintiff's motion for leave to serve an amended summons and complaint pursuant to CPLR 305 (c) and 3025. CPLR 305 (c) authorizes amendment of the caption of the pleadings to reflect the correct name of an existing defendant, not to add a new defendant (*see, Potamianos v Convenient Food Mart*, 197 AD2d 734, 735). An amendment pursuant to that section is authorized only where "(1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" (*Ober v Rye Town Hilton*, 159 AD2d 16, 20; *see also, Potamianos v Convenient Food Mart, supra*, at 735; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C305:4, at 263).

From our review of the record, we conclude that there is no evidence that Annette Liebeck, the intended defendant who was misnamed in the original process, was properly served. Thus, the court never obtained jurisdiction over her and lacked the power to grant the amendment (*see, Potamianos v Convenient Food Mart, supra*, at 735; *McGee v Bells Supermarket*, 177 AD2d 975, 976). (Appeal from Order of Supreme Court, Monroe County, Kehoe, J.—Amend Complaint.) Present—Lawton, J. P., Fallon, Doerr, Balio and Davis, JJ.