■ SECURITY MUTUAL INSURANCE COMPANY, as Subrogee of GLENDA L. MAINE, Appellant, v BLACK & DECKER CORPORATION, Respondent. [680 NYS2d 287] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered November 5, 1997 in Tompkins County, which, *inter alia*, denied plaintiff's cross motion for leave to amend the complaint.

In June 1993, Glenda Maine's home was damaged by a fire allegedly caused by a Black & Decker brand coffee maker. Plaintiff, her insurer, reimbursed her for the loss and, in May 1996, as Maine's subrogee, attempted to commence a tort action against Black & Decker (U.S.), Inc. by filing a summons with notice and verified complaint. Those papers were never served, however; instead, on July 3, 1996, plaintiff filed an amended summons with notice and verified complaint, naming Black & Decker Corporation as the sole defendant. Service upon that corporation (hereinafter defendant) was made on the same day at its headquarters in Maryland, but plaintiff, having experienced some difficulty in obtaining a properly completed and notarized affidavit of service from the out-of-State process server, failed to file that affidavit within 120 days, as then mandated by CPLR former 306-b (a).

Defendant refused plaintiff's request to waive the filing

requirement and answered, raising several affirmative defenses including lack of personal jurisdiction. Thereafter, defendant moved for summary judgment, attesting to, among other things, the fact that it did not design, manufacture, distribute or sell the coffee maker at issue. In opposition papers, plaintiff sought an order declaring the affidavit of service timely filed, nunc pro tunc, and granting it permission to amend the complaint to "set forth the proper name of the defendant". Supreme Court granted defendant's motion and denied plaintiff's requests; this appeal by plaintiff ensued.

We affirm. Essentially, plaintiff seeks to pursue its claims against Black & Decker (U.S.) despite having failed to properly commence an action against, and obtain jurisdiction over, that corporation. Because the first action—that brought against Black & Decker (U.S.) in which service was not effected—cannot be revived (the Statute of Limitations apparently having run), and the second cannot be enlarged to add Black & Decker (U.S.), the relief plaintiff desires is unavailable.

The first action was automatically "deemed dismissed" when plaintiff failed to serve Black & Decker (U.S.) and file an affidavit of service within the requisite 120-day period (*see*, CPLR former 306-b [a]; *Matter of Barsalow v City of Troy*, 208 AD2d 1144, 1146). And, as that action was not refiled within 120 days (*see*, CPLR former 306-b [b]) or within six months (*see*, CPLR 205 [a]; *Matter of Winston v Freshwater Wetlands Appeals Bd.*, 224 AD2d 160, 168; *but see*, *Matter of Rochester Community Sav. Bank v Board of Assessors*, 248 AD2d 949, 950) of its dismissal, those "savings provisions" are inapplicable.

As for the second action, which was brought only against defendant, that suit was properly dismissed on the merits, given plaintiff's failure to controvert defendant's prima facie showing that it did not manufacture or distribute the appliance that allegedly caused the fire. Plaintiff's contrary arguments notwithstanding, this dismissal was not of a type that would permit refiling pursuant to CPLR former 306-b (b) or CPLR 205 (a). Moreover, even if refiling were permitted, the reinstatement of this action against defendant would not, without more, provide plaintiff with any means to recover from Black & Decker (U.S.), an entity over which the court has yet to obtain jurisdiction.

Nor can that jurisdictional defect be cured, as plaintiff suggests, at this juncture by amendment of the summons and complaint or by joinder of the correct defendant. Inasmuch as plaintiff does not assert that Black & Decker (U.S.) was ever served with process, or that the individual who received the

papers on behalf of defendant was also an agent of Black & Decker (U.S.) (*compare, Benware v Schoenborn*, 198 AD2d 710, 711), Supreme Court rightly denied plaintiff's request to amend the complaint. This is not an attempt to simply correct the name of an existing defendant; rather, plaintiff seeks to proceed against an unserved and entirely new defendant after the Statute of Limitations has evidently expired (*see, Potamianos v Convenient Food Mart*, 197 AD2d 734, 735-736; *cf., Maldonado v Maryland Rail Commuter Serv. Admin.*, 91 NY2d 467, 472). Nor can plaintiff obtain relief by invoking the "relation back" doctrine (*see,* CPLR 203 [b]), for there has been no showing that defendant and Black & Decker (U.S.) are "united in interest", such that service upon one should be viewed as "tantamount to service on the other" (*Wise v Greenwald*, 194 AD2d 850, 851; *see,* CPLR 203 [b] [1]; *Feszczyszyn v General Motors Corp.*, 248 AD2d 939, 940-941).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.