■ GRACE JORDAN, Individually and as Limited Administratrix of the Estate of NABIL M. IBRAHEM, Deceased, Appellant, v LEHIGH CONSTRUCTION GROUP, INC., et al., Defendants, and VIKING CORPORATION, Respondent. [689 NYS2d 322] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages for the wrongful death of Nabil M. Ibrahem resulting from a fire at the chemical plant where he was employed. The complaint alleges that defendant Viking Automatic Sprinkler Company (VASC) was responsible for the manufacture, design and/or installation of the automatic sprinkler system at the plant. After service of the summons and complaint on VASC at its principal place of business in Roseville, Minnesota, VASC advised plaintiff's attorney that it had no connection to the sprinkler system at the plant where plaintiff's decedent died. Plaintiff then served the summons and complaint on The Viking Corporation (Viking) at its principal place of business in Hastings, Michigan. In a letter accompanying the service of process, plaintiff's attorney advised Viking that it had been incorrectly named as VASC.

Supreme Court properly granted the motion of Viking to dismiss the complaint against it pursuant to CPLR 3211 (a) (8) and properly denied plaintiff's cross motion to amend the summons and complaint to name Viking as the correct defendant pursuant to CPLR 305 (c) and 2001. "This is not a case where a party is misnamed (*see, Medina v City of New York,* 167 AD2d 268; *Ober v Rye Town Hilton,* 159 AD2d 16); rather it is a case where the plaintiff seeks to add or substitute a party defendant (*see, Reid v Niagara Mach. & Tool Co.,* 170 AD2d 662; *Creative Cabinet Corp. v Future Visions Computer Store,* 140 AD2d 483; *Polizzano v Gotham Constr. Corp.,* 47 AD2d 48)" (*Ospina v VIMM Corp.,* 203 AD2d 440, 440-441, *lv denied* 84 NY2d 802). Thus, plaintiff failed to obtain jurisdiction over Viking, and relief pursuant to CPLR 305 (c) and 2001 is not available (*see, Security Mut. Ins. Co. v Black & Decker Corp.,* 255 AD2d 771; *Potamianos v Convenient Food Mart,* 197 AD2d 734, 735-736). (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Dismiss Pleading.) Present—Denman, P. J., Green, Pine, Hayes and Callahan, JJ.