■ MARY KERSHIS et al., Appellants, v CITY OF NEW YORK, Defendant, and METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [756 NYS2d 786] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Durante, J.), dated April 26, 2002, as granted those branches of the separate motions of the defendants Metropolitan Transportation Authority and New York City Transit Authority and the defendant NAB Construction Corporation which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Mary Kershis alleges that she sustained injuries when she tripped on a defect in a sidewalk located at the corner of 44th Street and Queens Boulevard in Queens County. Once the defendants Metropolitan Transportation Authority, New York City Transit Authority, and NAB Construction Corporation made a prima facie showing that they were entitled to summary judgment dismissing the complaint insofar as asserted against them, the burden shifted to the plaintiffs to produce sufficient evidentiary proof in admissible form to show that a triable issue of fact existed (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The plaintiffs' bald assertion that the respondents could have been involved in creating the alleged sidewalk defect was insufficient to show the existence of a triable issue of fact on this issue. Moreover, under the circumstances of this case, the mere hope by the plaintiffs that they might be able to uncover some evidence during further discovery was insufficient to deny summary judgment to the respondents (*see* CPLR 3212 [f]; *Abbenante v Tyree Co.,* 228 AD2d 529 [1996]; *Jones v Gameray,* 153 AD2d 550 [1989]).

The plaintiffs' contention that the respondents should have been denied summary judgment and their answer stricken based on spoliation of evidence is without merit. Santucci, J.P., Feuerstein, Smith and Luciano, JJ., concur.