■ CORRIANN RINZLER, Appellant, v JAFCO ASSOCIATES et al., Respondents. [800 NYS2d 719]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated July 21, 2004, as granted the motion of the defendant Fairfield Realty Corp. to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (5) and CPLR 214 (5), denied her cross motion, inter alia, pursuant to CPLR 3025 (b) for leave to serve an amended complaint adding Fairfield Realty Corp. as a defendant, and granted that branch of the separate motion of the defendant Jafco Associates which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises from an accident on January 13, 2001, when the plaintiff allegedly slipped and fell on an accumulation of snow and ice on premises located in West Islip. She filed a summons and complaint on January 12, 2004, incorrectly naming Jafco Associates (true name Jafco Associates, LLC, hereinafter Jafco) as the sole defendant. Jafco answered denying that it owned, operated, managed, or controlled the subject premises.

The plaintiff filed an amended summons and complaint on February 25, 2004, naming as defendants Jafco and Fairfield Realty Corp. (hereinafter Fairfield), the true owner of the premises. Before answering, Fairfield moved to dismiss the amended complaint insofar as asserted against it as time-barred. The plaintiff cross-moved to extend her time to effect service on Fairfield without specifying which summons and complaint she sought the extension for, to correct a mistake in the summons and complaint, or for leave to amend the summons and complaint to add Fairfield. In a separate motion Jafco moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court granted the motions of Fairfield and Jafco and denied all branches of relief sought by the plaintiff in her cross motion. We affirm.

The plaintiff did not attempt to add Fairfield as a defendant until after the statute of limitations had expired (see CPLR 214 [5]). Accordingly, the Supreme Court correctly granted Fairfield's motion to dismiss the amended complaint insofar as asserted against it (see CPLR 3211 [a] [5]). It also properly determined that the plaintiff was not entitled to any relief on her cross motion. Essentially, the plaintiff claims on appeal that the original summons and complaint were served on an individual who was the managing agent of Jafco and a partner of the managing agent of Fairfield (compare Pugliese v Paneorama Italian Bakery Corp., 243 AD2d 548, 549, [1997] with Simpson v Kenston Warehousing Corp., 154 AD2d 526, 527 [1989]). There is no proof in the record that the individual, Elizabeth Chu (purportedly the managing agent of Jafco who was served with the original summons and complaint), had any relationship with Fairfield. Jafco and Fairfield are independent entities with separate records, tax returns, and businesses. The fact that they have the same address and even may have the same shareholders and officers will not suffice to validate service on one as service on the other (see Pugliese v Paneorama Italian Bakery Corp., supra).

Jafco established its prima facie entitlement to judgment as a matter of law through the submission of a deed indicating that the subject premises were owned by Fairfield (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, supra); she merely invoked her right to discovery (see CPLR 3212 [f]). Under the circumstances of this case, the plaintiff's mere hope that she might be able to uncover some evidence during discovery establishing liability on the part of Jafco was insufficient to deny summary judgment to Jafco (see Kershis v City of New York, 303 AD2d 643 [2003]).

Finally, there was no evidence in the record that the two defendants were "united in interest." Thus, the plaintiff could not invoke the "relation back" doctrine under CPLR 203 (b) (see Mondello v New York Blood Ctr.—Greater N.Y. Blood Program, 80 NY2d 219, 226 [1992]; Desiderio v Rubin, 234 AD2d 581, 583 [1996]). H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.