(October 11, 2005)

All 4 Sports & Fitness, Inc., Respondent, v Hamilton, Kane, Martin Enterprises, Inc., Appellant. [802 NYS2d 470]—

In an action, inter alia, for a judgment declaring that the plaintiff is not in default under the terms of a lease and to recover damages for the overpayment of certain charges due under

the lease, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated July 12, 2004, as granted the plaintiff's motion to enjoin a summary proceeding entitled *Hamilton, Kane, Martin Enterprises, Inc. v All 4 Sports & Fitness, Inc.*, pending in the Fifth District Court, Suffolk County.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and the motion is denied.

Pursuant to section 3.02 (f) (a) of an "amendment to lease" form, the plaintiff, a tenant in the defendant's shopping center, agreed to "pay each year 15.50% of the actual annual cost of operating and maintaining the common areas of the Shopping Center." Pursuant to section 3.02 (f) (d) of the same document, "all . . . charges . . . which Tenant . . . agrees to pay pursuant to this Lease shall be treated as additional rent." The parties are now disputing how the "cost of operating and maintaining the common areas" should be calculated.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to enjoin the summary proceeding pending in District Court. The District Court, or the Civil Court, is the preferred forum for the resolution of landlord-tenant disputes where the tenant may obtain full relief in a pending summary proceeding (*see Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 28 [1984]; *44-46 W. 65th Apt. Corp. v Stvan*, 3 AD3d 440 [2004]; *Spain v 325 W. 83rd Owners Corp.*, 302 AD2d 587 [2003]; *DiGeronimo v Amrod*, 248 AD2d 652 [1998]; *Scheff v 230 E. 73rd Owners Corp.*, 203 AD2d 151 [1994]; *Amoo v Eastlake Realty Co.*, 133 AD2d 657 [1987]). Here, the District Court could, if the proof warrants it, grant the monetary relief requested by the plaintiff if the plaintiff were to assert the appropriate counterclaim (*see* RPAPL 743; Uniform District Court Act § 208 [b]). The declaratory relief requested by plaintiff in the Supreme Court is merely subordinate to its request for a money judgment against the defendant based on its alleged overpayment of common area maintenance charges in the past.

Although the lease between the parties in this case contains a clause (§ 6.01 [j]) that purportedly limits the plaintiff's right to assert counterclaims in any "proceeding for non payment of rent . . . or any holdover proceeding" (*Titleserv, Inc. v Zenobio*, 210 AD2d 310 [1994]; *Bomze v Jaybee Photo Suppliers*, 117 Misc 2d 957, 958 [1983]), this provision would not operate to bar the plaintiff in the present case from asserting counterclaims in the pending summary proceeding. The plaintiff's contentions and those of the defendant relating to the method of calculating

"CAM charges" are inextricably intertwined. Thus, in a proper exercise of its discretion, the District Court would be justified in refusing to enforce section 6.01 (j) of the clause (*see Sutton Fifty-Six Co. v Garrison,* 93 AD2d 720, 721-722 [1983]; *Ring v Arts Intl., Inc.,* 7 Misc 3d 869 [2004]; *40 Assoc. v Katz,* 112 Misc 2d 215 [1981]; *Haskell v Surita,* 109 Misc 2d 409, 413-414 [1981]; 3 Dolan, Rasch's Landlord and Tenant-Summary Proceedings § 43:40 [4th ed]; *cf. 1376 Third Ave. v MBHB, LLC,* 3 Misc 3d 127[A], 2004 NY Slip Op 50322[U] [2004]; *Amdar Co. v Hahalis,* 145 Misc 2d 987 [1990]). Neither this provision of the parties' lease, nor the differing rules regarding the availability of discovery in the District Court, is sufficient reason to prefer the Supreme Court to the District Court as a forum for litigation of this landlord-tenant dispute.

Under these circumstances, the order appealed from should be reversed insofar as appealed from. Adams, J.P., Mastro, Lifson and Lunn, JJ., concur.