■ ALAN DUNN et al., Appellants, v FRANK PALLETT, Doing Business as THE CHANCE COMPLEX, et al., Respondents, et al., Defendant. [840 NYS2d 453]—

Cardona, P.J. Appeal from an order of the Supreme Court (Teresi, J.), entered May 3, 2006 in Albany County, which, inter alia, granted certain defendants' cross motion to dismiss the action in its entirety.

Plaintiff Alan Dunn claims that on June 9, 2001 he was seriously injured while a patron at The Chance Complex, located in the City of Poughkeepsie, Dutchess County, when an unidentified patron jumped or fell from a balcony, landing on him. On June 8, 2004, Dunn and his wife filed a summons with notice with the Albany County Clerk naming "The Chance Complex" and "John Doe" as defendants in a personal injury action. In August 2004, a summons with notice was served by personal delivery to a woman at The Chance Complex who gave her name only as "Corinne" and who was designated on the process server's affidavit as "Manager."

Thereafter, without leave of court and after expiration of the applicable statute of limitations, plaintiffs filed an amended summons with notice adding as a defendant "6 Crannel Street, LLC," which owns the building that houses The Chance Complex. The amended summons also substituted "Frank Pallett d/b/a The Chance Complex" for the original defendant "The Chance Complex." Frank Pallett is the chief executive officer of Empire Management & Productions, Inc. (hereinafter Empire), which owns and operates The Chance Complex.

None of the named defendants appeared in the action, and plaintiffs thereafter moved for a default judgment. Pallett, The Chance Complex and 6 Crannel Street (hereinafter collectively referred to as defendants) cross-moved to dismiss the action in its entirety arguing, among other things, lack of jurisdiction over defendants. Supreme Court granted defendants' cross motion and dismissed the action.

On this appeal, plaintiffs do not dispute dismissal of the action as against Pallett or 6 Crannel Street. Instead, they argue that they are entitled to a traverse hearing to determine whether personal delivery of the summons to "Corinne" effected proper service upon The Chance Complex (see CPLR 311 [a] [1]).

We agree with plaintiffs that a traverse hearing should have been held. Plaintiffs' affidavit of service constituted prima facie evidence of proper service upon The Chance Complex (see U.S.

*Bank Natl. Assn. v Vanvliet,* 24 AD3d 906, 907-908 [2005]; *NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz,* 7 AD3d 459, 460 [2004]). Defendants countered with the affidavits of Corrine Gonzalez and Pallett which included " 'detailed and specific contradiction[s] of the allegations in the process server's affidavit' " (*U.S. Bank Natl. Assn. v Vanvliet, supra* at 908, quoting *Bankers Trust Co. of Cal. v Tsoukas,* 303 AD2d 343, 344 [2003]). Specifically, Gonzalez stated that in August 2004 she was an unpaid intern at Empire and was neither a manager nor authorized to accept service of process on its behalf. Pallett stated that neither he nor Empire were ever served with process and confirmed that Gonzalez was an intern, not a manager, who was not authorized to accept service. The conflicting affidavits raise questions of fact regarding service of process which must be resolved at a hearing (*see Matter of Bart-Rich Enters., Inc. v Boyce-Canandaigua, Inc.,* 8 AD3d 1119 [2004]; *Ananda Capital Partners v Stav Elec. Sys.* [1994], 301 AD2d 430 [2003]).

Plaintiffs also ask this Court to amend the summons to substitute Empire for The Chance Complex. In that regard, we note that amendments pursuant to CPLR 305 (c) "are allowed to cure a misnomer in the description of a party defendant . . . *as long as the intended party defendant has been served with process*" and will not be prejudiced by the amendment (*Potamianos v Convenient Food Mart,* 197 AD2d 734, 735 [1993] [emphasis added]; *see Vandermallie v Liebeck,* 225 AD2d 1069 [1996], *lv dismissed* 89 NY2d 916 [1996]). Accordingly, a motion to amend the summons pursuant to CPLR 305 (c) may be addressed to Supreme Court should plaintiffs prevail at the traverse hearing.

Finally, under all the circumstances herein, we are not persuaded that Supreme Court erred in concluding that the motion for a default judgment applied only to 6 Crannel Street.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motion of defendants Frank Pallett, The Chance Complex and 6 Crannel Street to dismiss the action against The Chance Complex; cross motion denied to this extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.