■ KIRK SMITH, Appellant, v GARO ENTERPRISES, INC., et al., Defendants. CAROL RADIN et al., Nonparty Respondents. [875 NYS2d 167]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Nelson, J.), dated May 28, 2008, which denied his motion pursuant to CPLR 305 (c) and CPLR 3025 (b) to deem a supplemental summons and amended complaint naming Carol Radin, Alvin Radin, and Radin Enterprises, LLC, as additional defendants to be timely filed and served nunc pro tunc, and, inter alia, pursuant to CPLR 3025 (c) to amend a judgment of the same court (Dye, J.), dated June 29, 2000, to include those nonparties as additional defendants therein.

Ordered that the order is affirmed, with one bill of costs.

"Under CPLR 305 (c), an amendment to correct a misnomer will be permitted 'if the court has acquired jurisdiction over the

intended but misnamed defendant provided that . . . the intended but misnamed defendant was fairly apprised that [he] was the party the action was intended to affect . . . [and] would not be prejudiced' by allowing the amendment" (*Holster v Ross*, 45 AD3d 640, 642 [2007], quoting *Simpson v Kenston Warehousing Corp.*, 154 AD2d 526, 527 [1989]). "Such amendments are permitted where the correct party defendant has been served with process, but under a misnomer, and where the misnomer could not possibly have misled the defendant concerning who it was that the plaintiff was in fact seeking to sue" (*Creative Cabinet Corp. of Am. v Future Visions Computer Store*, 140 AD2d 483, 484-485 [1988]; *see Ober v Rye Town Hilton*, 159 AD2d 16, 20 [1990]). However, "while CPLR 305 (c) may be utilized to correct the name of an existing defendant (*see Benware v Schoenborn*, 198 AD2d 710, 711-712 [1993]), it cannot be used by a party as a device to add or substitute a party defendant (*see Security Mut. Ins. Co. v Black & Decker Corp.*, 255 AD2d 771, 773 [1998])" (*Hart v Marriott Intl.*, 304 AD2d 1057, 1059 [2003]). A plaintiff may not invoke CPLR 305 (c) to proceed against an entirely new defendant, who was not served, after the expiration of the statute of limitations (*see Security Mut. Ins. Co. v Black & Decker Corp.*, 255 AD2d 771, 773 [1998]).

Contrary to the plaintiff's contentions, " ' [t]his is not a case where a party is misnamed . . . ; rather it is a case where the plaintiff seeks to add or substitute a party defendant' " (*Achtziger v Fuji Copian Corp.*, 299 AD2d 946, 947 [2002], quoting *Jordan v Lehigh Constr. Group*, 259 AD2d 962 [1999]). The plaintiff failed to establish that he properly served Carol Radin, Alvin Radin, and Radin Enterprises, LLC, the proposed additional defendants (*see Gennosa v Twinco Servs.*, 267 AD2d 200, 201 [1999]; *Feszczyszyn v General Motors Corp.*, 248 AD2d 939, 940 [1998]; *Vandermallie v Liebeck*, 225 AD2d 1069 [1996]). Having failed to establish that the proposed additional defendants were properly served, the plaintiff was not entitled to the relief he sought pursuant to CPLR 305 (c) or CPLR 3025 (*see Achtziger v Fuji Copian Corp.*, 299 AD2d at 947; *Gennosa v Twinco Servs.*, 267 AD2d at 201; *Jordan v Lehigh Constr. Group*, 259 AD2d at 962; *Security Mut. Ins. Co. v Black & Decker Corp.*, 255 AD2d at 773; *Feszczyszyn v General Motors Corp.*, 248 AD2d at 940; *Vandermallie v Liebeck*, 225 AD2d at 1069).

The parties' remaining contentions are without merit. Rivera, J.P., Florio, Dickerson and Chambers, JJ., concur.