■ BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Respondent, v ALEXIS GRULLON, Appellant. [885 NYS2d 485]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered March 18, 2008, which, in a proceeding by petitioner Board of Education pursuant to Education Law § 3020-a (5) to vacate or modify the hearing officer's decision suspending, for six months, respondent teacher's employment with petitioner, denied respondent's cross motion to dismiss the petition for lack of personal jurisdiction, unanimously affirmed, without costs.

Respondent should be estopped from asserting that he was never served at his actual dwelling place or usual place of abode as required by CPLR 308 (2), and that the court therefore lacks personal jurisdiction over him. Such estoppel arises by virtue of the fact that, consistent with numerous documents that respondent filed with petitioner over the course of his 10-year employment by petitioner, the request for a hearing pursuant to Educa-

tion Law § 3020-a that respondent signed to initiate the hearing presently under review listed as his residence the very address where the process was allegedly served. Respondent represents that the address listed in these documents and the affidavit of service is the residence of his mother, and does not dispute that he never notified petitioner that he had moved out of that apartment. Under the circumstances, it does not avail respondent that petitioner does not have a rule requiring its employees to advise it of a change of address, or that potential defendants ordinarily have no affirmative duty to keep those who might sue them abreast of their whereabouts (*see Feinstein v Bergner*, 48 NY2d 234, 241-242 [1979]). If at the time respondent requested a section 3020-a hearing he was living in his mother's apartment, as he represented in the request, his failure to advise petitioner that he had moved out of that apartment at the time the hearing officer issued his decision amounted to conduct that was calculated to prevent petitioner from learning his new address (*see id.* at 241) within the short, 10-day period that petitioner had under section 3020-a (5) to commence the instant proceeding after receiving the hearing officer's decision. Nor does it avail respondent that a driver's license issued to him during the pendency of the hearing listed another apartment as his residence; petitioner's attorney demonstrates that the above 10-day period was inadequate time to obtain confirmation of respondent's address from the Department of Motor Vehicles. Petitioner's attorney also shows that after the hearing officer's decision he did undertake to search various public records that are available on the internet, and it appears to be undisputed that current voter registration records also list respondent's mother's apartment as respondent's residence. Concur— Gonzalez, P.J., Andrias, Catterson, Acosta and Abdus-Salaam, JJ.