■ MERKOS L'INYONEI CHINUCH, INC., et al., Respondents, v MENDEL SHARF et al., Defendants, and CONGREGATION LUBAVITCH, INC., et al., Appellants. [923 NYS2d 355]—

In an action, inter alia, to recover possession of real property, the defendants Congregation Lubavitch, Inc., and Congregation Lubavitch of Agudas Chasidei Chabad, and Zalman Lipskier, Menachem Gerlitzky, Avrohom Holtzberg, and Yosef Losh, as Gabboim of Congregation Lubavitch of Agudas Chasidei Chabad, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated June 18, 2010, as held in abeyance the plaintiffs' motion to punish the defendant Congregation Lubavitch, Inc., for civil contempt for failure to comply with a judgment of the same court (Harkavy, J.), dated December 27, 2007, as modified by a decision and order of this Court dated February 3, 2009, denied the cross motion of the defendant Congregation Lubavitch, Inc., and the separate cross motion of the defendants Congregation Lubavitch of Agudas Chasidei Chabad, and Zalman Lipskier, Menachem Gerlitzky, Avrohom Holtzberg, and Yosef Losh, as Gabboim of Congregation Lubavitch of Agudas Chasidei Chabad, for the imposition of sanctions against the plaintiffs, and, in effect, granted the plaintiffs' separate motion for leave to amend, nunc pro tunc, the caption and the complaint to add, as defendants,

"the congregation known as 'Congregation Lubavitch' also known as 'Congregation Lubavitch 770' and/or also holding itself out as 'Congregation Lubavitch of Agudas Chasidei Chabad,' " and Zalman Lipskier, Menachem Gerlitzky, Yehuda Blesofsky, Yosef Losh, and their successors and assigns, in their capacities as Gabboim and representatives of that congregation, and to amend, nunc pro tunc, the judgment dated December 27, 2007, as modified by the decision and order of this Court dated February 3, 2009, to provide that the third, fifth, and sixth decretal paragraphs thereof pertain to the congregation known as " 'Congregation Lubavitch' also known as 'Congregation Lubavitch 770' and/or also holding itself out as 'Congregation Lubavitch of Agudas Chasidei Chabad,' " and to Zalman Lipskier, Menachem Gerlitzky, Yehuda Blesofsky, Yosef Losh, and their successors and assigns, in their capacities as Gabboim and representatives of that congregation.

Ordered that the appeal from so much of the order as held in abeyance the plaintiffs' motion to punish the defendant Congregation Lubavitch, Inc., for civil contempt is dismissed; and it is further,

Ordered that the appeal by the defendant Congregation Lubavitch, Inc., from so much of the order as, in effect, granted the plaintiffs' motion to amend the caption, complaint, and judgment, is dismissed, as the defendant Congregation Lubavitch, Inc., is not aggrieved by that portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, granting the plaintiffs' separate motion for leave to amend, nunc pro tunc, the caption, complaint, and judgment, and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The order dated June 18, 2010, did not decide the plaintiffs' motion to punish the defendant Congregation Lubavitch, Inc., for civil contempt but, instead, held that motion in abeyance. Accordingly, that portion of the order is not appealable as of right (see CPLR 5701 [a] [2]; *Westchester Med. Ctr. v Allstate Ins. Co.*, 80 AD3d 695 [2011]; *Evan S. v Joseph R.*, 70 AD3d 668 [2010]), and we decline to grant leave to appeal.

The Supreme Court erred by, in effect, granting that branch of the plaintiffs' motion which was for leave to amend, nunc pro tunc, the caption and complaint, nunc pro tunc, to add, as defendants, the congregation known as " 'Congregation Lubavitch' also known as 'Congregation Lubavitch 770' and/or also holding

itself out as 'Congregation Lubavitch of Agudas Chasidei Chabad'" (hereinafter the congregation), and Zalman Lipskier, Menachem Gerlitzky, Yehuda Blesofsky, Yosef Losh, and their successors and assigns, in their capacities as Gabboim and representatives of that congregation (hereinafter collectively the Gabboim) (*see Smith v Garo Enters., Inc.*, 60 AD3d 751, 752 [2009]; *Security Mut. Ins. Co. v Black & Decker Corp.*, 255 AD2d 771, 773 [1998]). The Supreme Court also erred by, in effect, granting that branch of the plaintiffs' motion which was for leave to amend, nunc pro tunc, a judgment of the Supreme Court dated December 27, 2007, as modified by a decision and order of this Court dated February 3, 2009, to provide that the third, fifth, and sixth decretal paragraphs thereof pertain to the congregation and the Gabboim (*see Merkos L'Inyonei Chinuch, Inc. v Sharf*, 59 AD3d 408 [2009]). In doing so, the Supreme Court improperly made a change in the pleadings and the judgment that affected substantial rights of the congregation and the Gabboim (*see Herpe v Herpe*, 225 NY 323, 327 [1919]; *Haggerty v Market Basket Enters., Inc.*, 8 AD3d 618, 618-619 [2004]).

Contrary to the appellants' contention, the plaintiffs' motion practice did not constitute frivolous conduct within the meaning of 22 NYCRR 130-1.1. Accordingly, the Supreme Court providently exercised its discretion in denying the cross motions to impose sanctions against the plaintiffs. Mastro, J.P., Hall, Lott and Cohen, JJ., concur.