# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1123**

**CAF 12-02378**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF MONROE COUNTY DEPARTMENT
OF HUMAN SERVICES-CSEU, ON BEHALF OF WANDA G.,
PETITIONER-APPELLANT,

                    V                          MEMORANDUM AND ORDER

DERRELL M., RESPONDENT-RESPONDENT.

---

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (MARIE C. D'AMICO OF
COUNSEL), FOR PETITIONER-APPELLANT.

-----------------------------------------------------------------------------

Appeal from an order of the Family Court, Monroe County (Gail A.
Donofrio, J.), entered April 11, 2012 in a proceeding pursuant to
Family Court Act article 5. The order denied the objections of
petitioner to the order of the Support Magistrate.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the petition is
reinstated and the matter is remitted to Family Court, Monroe County,
for further proceedings on the petition.

Memorandum: In this proceeding pursuant to article 5 of the
Family Court Act, petitioner appeals from an order denying its
objections to the order of the Support Magistrate. We conclude that
Family Court erred in determining that it lacked personal jurisdiction
over respondent because the affidavit of service did not include the
last name of the person of "suitable age and discretion" who was
served with process (§ 525 [a]; *see Dunn v Pallett*, 42 AD3d 807, 808-
809; *Matter of Commissioner of Social Servs. of City of N.Y. v Evans*,
170 AD2d 225, 227-228; *Plycon Transp. Group, LLC v Kirschenbaum*, 36
Misc 3d 1232[A], 2012 NY Slip Op 51576[U], *3-5; *see also* CPLR 308
[2]). We further conclude that in any event the court erred in sua
sponte dismissing the petition for lack of personal jurisdiction (*see
Buckeye Retirement Co., L.L.C., Ltd. v Lee*, 41 AD3d 183, 183-184). We
therefore reverse the order and reinstate the petition, and we remit
the matter to Family Court for further proceedings thereon.

Entered: November 15, 2013                    Frances E. Cafarell
                                              Clerk of the Court