(November 27, 2013)

■ ASSOCIATED GERIATRIC INFORMATION NETWORK, INC., Appellant, v SPLIT ROCK MULTI-CARE CENTER, LLC, Defendant. SPLIT ROCK REHABILITATION AND HEALTH CARE CENTER, LLC, Nonparty Respondent. [976 NYS2d 149]—

In an action, inter alia, to recover on an account stated, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered November 26, 2012, which denied its motion, in effect, pursuant to CPLR 305 and 3025 for leave to amend the caption to name Split Rock Rehabilitation and Health Care Center, LLC, as a defendant instead of Split Rock Multi-Care Center, LLC.

Ordered that the order is affirmed, with costs.

CPLR 305 (c) authorizes the court, in its discretion, to "allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced" (CPLR 305 [c]). Where the motion is to cure "a misnomer in the description of a party defendant," it should be granted even after the statute of limitations has run where "(1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" (*Ober v Rye Town Hilton*, 159 AD2d 16, 19-20 [1990]; *see Sally v Keyspan Energy Corp.*, 106 AD3d 894, 895-896 [2013]; *Smith v Garo Enters., Inc.*, 60

AD3d 751, 751-752 [2009]; *Holster v Ross*, 45 AD3d 640, 642 [2007]). While CPLR 305 (c) may be used to cure a misnomer in the description of a party defendant, it cannot be used after the expiration of the statute of limitations as a device to add or substitute an entirely new defendant who was not properly served (*see Smith v Garo Enters., Inc.*, 60 AD3d at 752; *Security Mut. Ins. Co. v Black & Decker Corp.*, 255 AD2d 771, 773 [1998]).

There is no proof in the record that Split Rock Rehabilitation and Health Care Center, LLC, and the named defendant are one and the same entity (*see Rinzler v Jafco Assoc.*, 21 AD3d 360, 362 [2005]). Furthermore, the plaintiff failed to establish that it properly served Split Rock Rehabilitation and Health Care Center, LLC, the proposed additional defendant (*see* CPLR 311-a; Limited Liability Company Law § 303; *Smith v Giuffre Hyundai, Ltd.*, 60 AD3d 1040, 1042 [2009]; *Smith v Garo Enters., Inc.*, 60 AD3d at 752; *Rinzler v Jafco Assoc.*, 21 AD3d at 362; *Gennosa v Twinco Servs.*, 267 AD2d 200, 201 [1999]; *Pugliese v Paneorama Italian Bakery Corp.*, 243 AD2d 548, 549 [1997]). Having failed to establish that the proposed additional defendant was properly served, the plaintiff was not entitled to relief pursuant to either CPLR 305 (c) or CPLR 3025 (b) (*see Smith v Garo Enters., Inc.*, 60 AD3d at 752; *Rinzler v Jafco Assoc.*, 21 AD3d at 362). Accordingly, the plaintiff's motion for leave to amend the caption was properly denied. Mastro, J.P., Balkin, Sgroi and Hinds-Radix, JJ., concur.