■ SOLOMON SHARBAT et al., Appellants, v LAW OFFICES OF MICHAEL B. WOLK, P.C., et al., Defendants. SOLOMON CAPITAL, LLC, Nonparty Appellant, v THE NIMKOFF FIRM, Nonparty Respondent. [993 NYS2d 691]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 6, 2013, which denied plaintiffs' (collectively, Sharbat) motion to vacate the judgment, entered October 4, 2011, pursuant to the determination and direction of a special referee, awarding legal fees to nonparty respondent (Nimkoff), and denied plaintiffs and nonparty appellant's joint motion to vacate a New York City sheriff's levy and execution, and certain information subpoenas and restraining notices served on TD Bank, unanimously modified, on the law, to the extent of vacating and declaring void the judgment and related enforcement devices, and, as so modified, affirmed, without costs.

The court erred in failing to vacate the judgment entered by the Clerk of the Court upon the direction of the special referee. Where, as here, there is a determination that an attorney's withdrawal from a case is justifiable and that the attorney is entitled to recover for services rendered on the basis of quantum meruit, following a hearing determining these issues, including the amount of fees to be recovered, the withdrawing attorney may impose a retaining lien on the file or a charging lien on the proceeds of the underlying judgment (*see Matter of Mason v City of New York*, 67 AD3d 475 [1st Dept 2009]; *Bok v Werner*, 9 AD3d 318 [1st Dept 2004]), and/or may file a plenary action for the reasonable value of the services rendered in order to obtain a judgment that may be exercised against all of the former client's assets (*see Schneider, Kleinick, Weitz, Damashek &*

*Shoot v City of New York*, 302 AD2d 183, 186 [1st Dept 2002]; *Butler, Fitzgerald & Potter v Gelmin*, 235 AD2d 218, 218-219 [1st Dept 1997]). While the special referee's fee determination entitles Nimkoff to bring a petition for a charging lien within the underlying action against the proceeds in that action and/or to file a plenary action against all of Sharbat's assets, the determination should not have resulted in the immediate issuance of a judgment. Accordingly, the improperly issued judgment is vacated and declared void, along with the devices issued to enforce the judgment.

However, there are no grounds, based on a lack of personal jurisdiction defense or otherwise, to vacate the order directing a special referee to determine Nimkoff's legal fees or the special referee's legal fee determination. The order to show cause with respect to Nimkoff's request to withdraw as Sharbat's counsel was properly served, pursuant to CPLR 308 (4), by "nail and mail" on Sharbat's dwelling place or usual place of abode. Given the claims made by Sharbat in a prior proceeding as to his Queens residency, which conflict with his claim in the instant proceeding that he has been living in Israel since 2010, Sharbat's self-serving rebuttal of the process server's affidavit was not believable and was insufficient to support a defense of lack of personal jurisdiction based on improper service of process or raise issues of fact requiring a traverse hearing (*see e.g. Grinshpun v Borokhovich*, 100 AD3d 551, 552 [1st Dept 2012], *lv denied* 21 NY3d 857 [2013]; *Board of Educ. of City School Dist. of City of N.Y. v Grullon*, 65 AD3d 934 [1st Dept 2009]; *Matter of Commissioner of Social Servs. of City of N.Y. v Evans*, 170 AD2d 225 [1st Dept 1991]). Concur—Tom, J.P., Friedman, Acosta and DeGrasse, JJ.