Weston, J.R
(dissenting in part and voting to reverse the final judgment in the following memorandum). While I agree that tenants’ petition* should have been dismissed, I disagree with the majority’s conclusion that landlord is not entitled to a *49 judgment of possession on its counterclaim. In my opinion, there is no authority to support the proposition that a party cannot be awarded possession on a counterclaim during a summary proceeding.
After tenants were issued repeated violations, which exposed landlord to financial penalties, landlord, in accordance with the lease, served tenants with a notice to cure. When tenants failed to cure, a notice of termination was served, and landlord subsequently changed the locks on the door. Tenants acknowledged timely receipt of the notice of termination and admittedly knew of landlord’s intent to change the locks. Nevertheless, tenants maintain that landlord had no authority to act. I strongly disagree.
While the instant proceeding was pending, and without waiting for a decision, tenants had the temerity to call the police to regain entry to the premises. Over a two-hour period, landlord was threatened with arrest by the police if he did not reopen the premises to tenants. Tenants do not dispute these facts, and the majority fails to reconcile their decision with the fact that when this proceeding was commenced, landlord had already regained lawful possession.
The purpose of a summary proceeding is to do speedy justice for all and eliminate great delay and expense. Summary proceedings quickly resolve certain finite issues, and while counterclaims are limited, they are not prohibited (see All 4 Sports & Fitness, Inc. v Hamilton, Kane, Martin Enters., Inc., 22 AD3d 512, 514 [2005]). “The . . . exception is a counterclaim so ‘inextricably intertwined’ with petitioner’s claim that joint resolution of the claims will ‘expedite disposition of the entire controversy, avoid multiplicity of other lawsuits between the parties to accomplish the same result, do speedy justice for all and eliminate greater delay and expense’ ” (Ring v Arts Intl., Inc., 7 Misc 3d 869, 880 [Civ Ct, NY County 2004], quoting Haskell v Surita, 109 Misc 2d 409, 414 [Civ Ct, NY County 1981]). “Where the issues raised in the counterclaim bear directly upon the landlord’s right to possession, they are said to be intertwined in the summary proceeding issues and should be disposed of in one proceeding” (Sutton Fifty-Six Co. v Garrison, 93 AD2d 720, 722 [1983], citing Great Park Corp. v Goldberger, 41 Misc 2d 988, 990 [Civ Ct, NY County 1964]).
*50 Where a landlord has reserved its common-law right to peaceably reenter the commercial premises upon breach of a condition in the lease, the law permits the reentry if it can be effected peaceably (Matter of 110-45 Queens Blvd. Garage v Park Briar Owners, 265 AD2d 415 [1999]). Here, landlord lawfully reclaimed the premises, which is acknowledged by the majority, and landlord’s “cross motion” was unopposed. Indeed, the exhibits annexed to the order to show cause support landlord’s argument that the self-help eviction was peaceably effected. Tenants’ only argument is the misguided presumption that in a commercial tenancy, a landlord is not permitted to avail himself of self-help. Under these circumstances, the determination of who has the right of possession is so intertwined that joint resolution of the issue is exactly what is contemplated by RPAPL 747. Pursuant to RPAPL 747, the court shall direct that a final judgment be entered determining the rights of the parties.
Nevertheless, the majority suggests that tenants became squatters when they illegally reentered the commercial premises and, as such, were entitled to notice. By suggesting that tenants were entitled to notice and attempting to frame the necessity for an alternative proceeding, the majority is not only compounding the error of the lower court, but is sanctioning tenants’ improper conduct. The majority decision creates a chilling effect on any landlord using self-help by rendering the option ineffective. Here, landlord had the authority to use self-help, but the lower court improperly ruled that landlord could not, and restored these commercial tenants to possession. In my opinion, landlord’s authority to use self-help had restored him to possession, making it unlawful for tenants to call the police in order to gain entry to premises to which they had no right. To suggest that tenants are entitled to notice is to reward them for their unlawful conduct. I, unlike the majority, refuse to sanction such conduct.
Accordingly, I would reverse the final judgment, dismiss tenants’ proceeding, award a judgment of possession to landlord, and remit the matter to the Civil Court for a determination of the amount of use and occupancy to be awarded landlord.
Aliotta and Elliot, JJ., concur; Weston, J.P., dissents in part in a separate memorandum.

 Tenants commenced this summary proceeding by order to show cause in lieu of a notice of petition and supporting affidavit (deemed a petition) seek *49 ing to be restored to possession pursuant to RPAPL 713 (10). Landlord submitted a “cross motion” for summary judgment, which is deemed an answer with counterclaims for possession and for use and occupancy.