2094-2096 Boston Post Road, LLC, Appellant,
against
Mackies American Grill, Inc., Respondent.



Appeal from an order of the Justice Court of the Village of Larchmont, Westchester County (Thea S. Beaver, J.), dated August 5, 2015. The order, upon a motion by landlord for summary judgment on its petition and to dismiss tenant's counterclaims in a nonpayment summary proceeding, sua sponte stayed the proceeding pending the determination of a related Supreme Court action and, in effect, held landlord's motion in abeyance.




ORDERED that, on the court's own motion, so much of the notice of appeal as is from the portion of the order that sua sponte stayed the proceeding is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see UJCA 1702 [c]); and it is further,
ORDERED that so much of the appeal as is from the portion of the order that, in effect, held in abeyance landlord's motion for summary judgment on its petition and to dismiss tenant's counterclaims is dismissed; and it is further,
ORDERED that the order, insofar as reviewed, is reversed, without costs, the provision of the order which sua sponte stayed the proceeding is vacated, and the matter is remitted to the Justice Court for a determination of landlord's motion in accordance with the decision herein.
So much of the appeal as is from the portion of the order that, in effect, held in abeyance landlord's motion for summary judgment on its petition and to dismiss tenant's counterclaims is dismissed, as that portion of the order is not appealable as of right (see UJCA 1702 [a] [2]; Merkos L'Inyonei Chinuch, Inc. v Sharf, 84 AD3d 1185 [2011]), and we decline to grant leave to appeal therefrom.
Prior to landlord's commencement of this nonpayment proceeding to recover possession of a commercial premises and alleged arrears, tenant had brought an action in the Supreme Court, Westchester County, based on related claims involving the subject premises. Tenant submitted an answer in the instant proceeding, asserting affirmative defenses, and counterclaims seeking total damages in excess of one and one-half million dollars, including counterclaims asserting that landlord had breached a lease "modification" agreement to complete certain construction work and that landlord had fraudulently induced tenant to enter into the lease. Landlord moved for summary judgment and to dismiss the counterclaims based on a no-counterclaims clause in the lease. In opposition to the motion, tenant claimed that its counterclaims are "inextricably intertwined" with landlord's claim for rent. "[T]o avoid inconsistent rulings," the Justice Court, on its own motion, stayed all further action in the instant proceeding and, in effect, held in [*2]abeyance landlord's motion, noting that certain issues had been raised in the Supreme Court action which had not been raised in the instant proceeding.
There is a strong rule against staying a summary proceeding pending the determination of an action in another court, as a landlord is entitled by statute to an expeditious determination of its claim that it is wrongfully being denied possession (RPAPL article 7; see Scheff v 230 E. 73rd Owners Corp., 203 AD2d 151 [1994]; see also All 4 Sports & Fitness, Inc. v Hamilton, Kane, Martin Enters., Inc., 22 AD3d 512, 513 [2005]; 44-46 W. 65th Apt. Corp. v Stvan, 3 AD3d 440, 441 [2004]). In our view, in the circumstances presented, it was an improvident exercise of discretion for the Justice Court to stay the proceeding. Insofar as the facts alleged in tenant's counterclaims may constitute defenses to landlord's claim for rent, and insofar as the counterclaims may be inextricably intertwined with those defenses, they are cognizable in the Justice Court proceeding notwithstanding the lease clause barring counterclaims (All 4 Sports & Fitness, Inc. v Hamilton, Kane, Martin Enters., Inc., 22 AD3d at 514). 
We note, however, that UJCA 208 provides, in pertinent part, that if "a counterclaim for money only in excess of $3,000 is interposed, the court may entertain it to the extent of $3,000 but it shall be deemed waived as to the excess above $3,000." Here, each of tenant's counterclaims seeks damages in excess of $150,000, which, if pursued in the Justice Court, will be deemed waived as to the excess above $3,000 (see Lin Tien v Evans, 42 Misc 3d 129[A], 2013 NY Slip Op 52164[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). Consequently, before determining landlord's motion, the Justice Court shall provide tenant with an opportunity, if tenant be so advised, to withdraw without prejudice any or all of its counterclaims.
Accordingly, the order, insofar as reviewed, is reversed, the provision of the order which sua sponte stayed the proceeding is vacated, and the matter is remitted to the Justice Court for a determination of landlord's motion in accordance with the foregoing decision.
Iannacci, J.P., and Tolbert, J., concur.
Decision Date: May 25, 2016