OPINION OF THE COURT
Edward C. Alfano, J.
Petitioner landlord instituted a nonpayment proceeding against the respondent tenant to recover rent arrears. Respondent’s amended answer alleges the defense of breach of *82 warranty of habitability and a counterclaim for damages to her apartment as a result of petitioner’s failure to make repairs.
Respondent now moves for leave to proceed as a poor person and to serve a jury demand nunc pro tune.
Petitioner opposes the motion on the ground that respondent has remained in possession of the apartment after expiration of a written lease and is now a month-to-month tenant by operation of the law (Real Property Law, § 232-c), and that all of the terms and conditions of the lease are projected into the tenancy created by said statute. Said lease contained a jury waiver clause and therefore, petitioner contends, respondent may not now demand a jury trial.
It is respondent’s position that while case law upholds jury waiver clauses contained in expired leases when carried over into month-to-month statutory tenancies created by the emergency rent laws, such case law is not applicable to the case at bar for the reason that the subject premises are not subject to the rent control law but rather to the rent stabilization law. Both the petitioner and respondent agree that the subject apartment is subject to and governed by the rent stabilization law. However, there is nothing in that statute or in the present posture, of the law which prohibits projection of the terms and conditions of a prior expired lease into the subsequent tenancy in rent-stabilized apartments. In the case at bar, the landlord failed to offer the tenant a renewal lease as required by the rent stabilization law, but the tenant has paid and the landlord has continued to accept the same rent provided for in the expired lease.
I. While sections 50 and 60 of the Code of the Rent Stabilization Association of New York City, Inc., require the landlord to tender a renewal lease, and penalties are set forth for failure to tender, it is not clear from the statute whether the terms of the old lease survive a failure to renew.
The rent stabilization law provides, by virtue of the penalties against the landlord, ample protection for the tenant. The consequences of an intentional refusal by a landlord to renew a lease can be and often are quite extensive and *83 serious and might include return of the apartment in question to rent control status. These penalties and the enforcement thereof are within the jurisdiction of the Conciliation and Appeals Board (hereinafter referred to as CAB).
The CAB, in implementing the rent stabilization law, has, on numerous occasions, dealt with instances where a renewal lease was not tendered but the tenant nevertheless remitted an increased rental for a period of time. In some instances, such period was for three years. In those cases, the CAB deemed that a lease was created retroactive to the expiration date of the original lease, provided the increased rental was not in violation of CAB guidelines. This retroactive lease was deemed to be identical to the expired lease in all terms and conditions except rent (see Hudson v Jeudy, CAB Case No. 21482-G).
If the CAB can deem a lease to have existed in cases where a tenant pays a new and increased rental without the benefit of a signed renewal lease, thereby, in effect, extending the terms and conditions of the expired lease, then logic dictates that the terms and conditions of the expired lease survive when the tenant continues to pay the rent set forth in the expired lease and where the tenant has suffered no detriment other than a failure to have been offered a renewal lease.
The jury waiver provisions in the case at bar were freely agreed to by the tenant respondent prior to her entering into the now expired lease. There is no legal or equitable justification to delete the terms and conditions previously entered into because of a landlord’s failure to renew or tender a renewal lease.
II. The respondent tenant contends that the jury waiver clause is unenforceable because the lease failed to conform to the print size and legibility requirements of the CPLR. This court determines that the lease in question was clear, legible and printed in accordance with the rules of the CPLR size requirements and cannot be deemed unenforceable for that reason.
III. The respondent further alleges and argues that the counterclaim for breach of warranty of habitability is a *84 statutorily granted right and is not subject to the jury waiver provisions of the old expired lease.
It is the opinion of this court that while section 235-b of the Real Property Law grants and protects the right of the tenant to claim a breach of warranty of habitability and voids as against public policy any provision of a lease which claims a waiver of said right, said statute does not mention and has no bearing on the jury waiver provision found in the lease at bar.
The jury waiver is valid as against all claims arising out of the leasehold, save those items proscribed by statute, specifically actions for personal injury and property damages (Real Property Law, § 259-c). While the statute codified common and case law with regard to the warranty of habitability, it did not specifically prohibit the implementation of jury waiver provisions in trials dealing with breach of warranty of habitability claims. Further, although the statute prohibits waiver of the right to bring such an action, it does not negate the fact that the warranty arises out of and by reason of the leasehold between the parties hereto. The jury waiver may therefore be invoked regarding a counterclaim for the breach of warranty of habitability.
IV. Respondent argues and contends that the jury waiver provision in the subject lease is overly broad and therefore unenforceable in any claim between the parties.
While the court is of the opinion that, as drafted, the jury waiver clause is very broad, and while it is unenforceable against personal injury or property damage claims as per section 259-c of the Real Property Law, this all-inclusive element of the jury waiver clause of this lease does not, in and of itself, render such a clause void in its entirety.
V. Respondent contends that the time limitation imposed by the Real Property Law upon respondents insofar as it effects and limits their rights to request a jury trial prior or simultaneously with their answer is unconstitutional, since the statute does not so limit petitioner. Indeed, the petitioner, in a summary proceeding is permitted by the Real Property Law to request a jury trial at any time prior to trial.
*85 Having determined that the jury waiver provision in this case is valid and enforceable, the court does not pass on the issue of constitutionality at this time.
Accordingly, the court grants that branch of respondent’s motion for leave to proceed as a poor person, but denies that branch of the motion which seeks leave to file a jury demand.