opinion of the court
Bernard Fuchs, J.
Petitioner moves to strike the counterclaim interposed by the respondents in a summary proceeding for nonpayment of rent. In paragraph 28 of the lease, respondent agrees that “in the event landlord commences any dispossess proceedings against tenant, no counterclaim will be brought by tenant”. The answer pleads breach of warranty of habitability as both an affirmative defense and a counterclaim.
Although RPAPL 743 expressly permits counterclaims in a summary proceeding to recover possession of property, lease provisions which waive that right are generally given effect. (Linker v Herard, 13 Misc 2d 445; Amazon Mgt. Corp. v Paff, 166 Misc 438; 3 Rasch, New York Landlord and Tenant [2d ed], § 1328.) A distinction must be drawn, however, between counterclaims like the present one which rely on allegations constituting matters of defense in the proceeding and those unrelated to petitioner’s claim. Since the substance of the former must be heard *168 in any event, their full resolution is no obstacle to speedy determination of the summary proceeding. Waiver of the latter class of counterclaims on the other hand, advances the over-all statutory policy to conclude summary proceedings without delay. (See Steinberg v Carreras, 74 Misc 2d 32, revd in part 77 Misc 2d 774; 50 Ct. Co. v Wild, NYLJ, Feb. 21, 1978, p 13, col 1.)
The present counterclaim, moreover, relies on section 235-b of the Real Property Law which nullifies any waiver of the warranty of habitability. The waiver in question, of course, applies merely to the procedural right of counterclaim and not the substantive warranty rights protected by statutory inalienability. A public policy may nevertheless be inferred from section 235-b to promote the prompt and convenient assertion of the rights it provides when that will not conflict with other policies.
The other authorities cited by petitioner are inapplicable except for Cosmopolitan Assoc. v Ortega (90 Misc 2d 437) which bars recovery on a tenant’s counterclaim for breach of warranty of habitability, in excess of the rents recoverable in the proceeding. The effect of such a ruling is to permit no more than an affirmative defense and dismiss the counterclaim. It leaves the tenant to choose between foregoing his claim as a matter of defense or wastefully litigating the same issues in a separate proceeding for the excess recovery. Such a rule serves no useful purpose. (Steinberg v Carreras, supra.)
Motion denied.