G. R. VANDERHOFF et al., Respondents, v CLINTON J. CASLER et al., Appellants.

Third Department, January 6, 1983

**APPEARANCES OF COUNSEL**

*Kiley, Feldmann, Whalen, Devine, Zeller & Patane, P. C.* (*Linus W. Walton* of counsel), for appellants.

*James E. Barnes, II,* for respondents.

**OPINION OF THE COURT**

YESAWICH, JR., J.

At issue is whether a provision in a lease of residential premises obligating the tenant to furnish the landlord with written notice of any dangerous or defective condition in the demised premises contravenes section 235-b of the Real Property Law* in that it constitutes a waiver or modifica-

---

* "§ 235-b. Warranty of habitability

"1. In every written or oral lease or rental agreement for residential premises the landlord or lessor shall be deemed to covenant and warrant that the premises so leased or rented and all areas used in connection therewith in common with other tenants or residents are fit for human habitation and for the uses reasonably intended by the parties and that the occupants of such premises shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety. When any such condition has been caused by the misconduct of the tenant or lessee or persons under his direction or control, it shall not constitute a breach of such covenants and warranties.

"2. Any agreement by a lessee or tenant of a dwelling waiving or modifying his rights as set forth in this section shall be void as contrary to public policy.

"3. In determining the amount of damages sustained by a tenant as a result of a breach of the warranty set forth in this section, the court need not require any expert testimony."

tion of the lessee's right to bring suit for breach of the warranty of habitability and is therefore void as contrary to public policy.

The parties entered into a written lease pursuant to which defendants rented an apartment in the City of Oneida for a period commencing November 1, 1980 and ending April 30, 1982. Defendants maintain that, shortly after moving into the apartment, they orally notified plaintiffs of a number of defects in the premises including a lack of heat and hot water and faulty plumbing. They did not, however, comply with the lease which required that all notices to the landlord be in writing and sent by certified mail. In January, 1981, the apartment was still unrepaired and defendants, convinced that it was uninhabitable, vacated it and discontinued paying rent. In due course plaintiffs commenced this action to recover unpaid rent, unpaid utility bills, attorney's fees, and expenses incurred in repairing and reletting the premises.

In turn, defendants counterclaimed charging breach of the warranty of habitability, constructive eviction and willful refusal to make repairs to the premises. Their admitted failure to afford written notification as called for by the lease disposed the County Court to dismiss the counterclaims, grant plaintiffs summary judgment for rent arrearage (nonpayment of the rent was undisputed) and order an evidentiary hearing to determine plaintiffs' other costs, fees, and expenses. It was reasoned that the lease provision mandating written notice did not violate section 235-b of the Real Property Law for it was merely a permissible procedural modification of the tenants' right to assert a breach of the warranty of habitability. We share a different view.

Enactment of section 235-b gave "rise to an implied promise on the part of the landlord that * * * the demised premises * * * are fit for human occupation at the inception of the tenancy and that they will remain so throughout the lease term" (*Park West Mgt. Corp. v Mitchell,* 47 NY2d 316, 327, cert den 444 US 992). By adopting this statute the Legislature attempted to redress the traditional legal imbalance in favor of landlords; tenants who customarily

were virtually powerless to compel the performance of essential services were now said to be placed in legal parity with landlords. As part of this new parallelism, the statute expressly voids any agreement by a lessee or tenant waiving or modifying any rights stemming from the implied warranty of habitability (Real Property Law, § 235-b, subd 2).

Compelling the tenants to first supply written notice critically circumscribes their ability to assert important rights which the Legislature intended them to have (see, also, *Trump Vil. Section 2 v Semler,* 111 Misc 2d 167). It is not necessary under the statute that written as opposed to actual or constructive notice be given. Indeed any such requirement would render the tenants' ability to bring suit for breach of the habitability warranty ephemeral, for even if, as the tenants here contend, ample and timely oral notice of the alleged deficiencies in the premises had been given to the landlord, their claim could be defeated simply because they neglected to give additional written notice. Tenants cannot be bound to adhere to a notice requirement which not only runs counter to the intent and spirit of section 235-b, but purports to divest them of an inalienable substantive statutory safeguard.

*Pierre v Williams* (106 Misc 2d 81) is clearly distinguishable. There, by agreeing to the waiver of jury trial provision, the tenants neither waived nor substantially impaired their capacity to rely upon the warranty of habitability. By contrast, defendants here are absolutely precluded from pursuing their breach of warranty claim in any forum.

Finally, we affirm the dismissal of the counterclaims for willful refusal to repair and constructive eviction. Absent a statutory prohibition similar to that of section 235-b, lease provisions necessitating written notice are enforceable (see *Hirsch v Radt,* 228 NY 100, 106).

The judgment should be modified, on the law, by reversing so much thereof as granted plaintiffs summary judgment and dismissed defendants' counterclaim for breach of

52

the warranty of habitability, the motion denied, and said counterclaim reinstated, and, as so modified, affirmed, without costs.

SWEENEY, J. P., MAIN, MIKOLL and LEVINE, JJ., concur.

Judgment modified, on the law, by reversing so much thereof as granted plaintiffs summary judgment and dismissed defendants' counterclaim for breach of the warranty of habitability, motion denied, and said counterclaim reinstated, and, as so modified, affirmed, without costs.