■ EARBERT RESTAURANT, INC., Respondent, v LITTLE LUXURIES, INC., Appellant. — Order, Supreme Court, New York County (Alvin F. Klein, J.), entered October 5, 1983, which granted plaintiff tenant's motion to (1) remove a summary proceeding brought against it by defendant landlord from the Civil Court, (2) consolidate that proceeding with an action in the Supreme Court and, (3) pending trial, enjoined defendant from further summary proceedings, reversed, on the law, the facts and in the exercise of discretion, with costs and disbursements, the motion for consolidation denied and the summary proceeding remanded to the Civil Court for trial. Plaintiff is a commercial lessee of premises located at 35 East 125th Street, New York City, and operates a discotheque and bar under a lease entered into August 12, 1981. After sustaining water damage allegedly caused by flooding from a broken water pipe "on several occasions between July 16, 1982 and December 15, 1982", which resulted in a temporary suspension of plaintiff's business, this action was brought in April, 1983 to recover for the damage and for the interruption in plaintiff's business. Two months later, in June, 1983, the landlord brought a summary proceeding in the Civil Court for nonpayment of rent for the months May and June, 1983. In opposing consolidation, the landlord argued that the issues in the summary proceeding were different from those in the tort action, the former involving nonpayment of rent during a period subsequent to the water damage. Defendant further argued that it would be prejudiced by any delay in the resolution of the summary proceeding, which would result from the extensive proceedings to be conducted in the Supreme Court action. On review of the record, we find that Special Term abused its discretion in directing consolidation. Such relief is improper where, as here, there are no common questions of law or fact (see *Schroeder Bank & Trust Co. v South Ferry Bldg. Co.,* 88 AD2d 570; *Lun Far Co. v Aylesbury Assoc.,* 40 AD2d 794). The negligence issues in the Supreme Court action are not at issue in the summary proceeding, which involves solely a claim for rent arrears during a period at least five months subsequent to the structural water damage. Consolidation would also unduly delay the prompt and expeditious resolution of the summary proceeding, which would be prejudicial to the landlord, who, it appears, has received no rent payments since May, 1983. Under the facts of this case, the breach of the duty owed by the landlord, which is at issue in the Supreme Court action, did not suspend the tenant's independent obligation to pay rent, which continued as long as the tenant remained in possession (cf. *Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77). Concur — Carro, Silverman, Milonas and Kassal, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm. The plaintiff-respondent tenant sued the defendant-appellant landlord for water damage to its discotheque and bar allegedly caused by flooding from a broken water pipe. The plaintiff also withheld rent. Thereafter, the landlord brought a summary proceeding for nonpayment. The tenant then sought a preliminary injunction restraining the defendant from evicting it, and also sought consolidation in the Supreme Court, inasmuch as the Civil Court might not determine the issue of the water damage because the monetary limit of the Civil

Court was exceeded. The plaintiff is prepared to proceed expeditiously and offered to file an immediate note of issue, the effect of which could be to speed up the matter in a manner similar to summary proceeding. The majority, ignoring reality, concludes that there are no common questions of law and fact and finds that Special Term abused its discretion. There could not be a more logical situation for consolidation.