■ TITLESERV, INC., Appellant, v MICHAEL ZENOBIO, JR., et al., Respondent. [619 NYS2d 768] —In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated July 20, 1994, as denied its motion to remove a summary nonpayment proceeding pending in the District Court, Nassau County, and to consolidate that proceeding with the present action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff tenant seeks to remove a summary nonpayment proceeding that was commenced by the defendant land-

lord in the District Court, Nassau County, and to consolidate that proceeding with the present action, *inter alia,* for breach of a lease and rescission. Although there are common issues of law and fact supporting consolidation, the parties' lease provides that an action for the nonpayment of rent shall not be consolidated with an action for breach of the lease or for rescission. The plaintiff has failed to establish why its waiver of the right to seek consolidation should not be enforced.

The courts have generally enforced lease provisions precluding tenants from interposing counterclaims in summary proceedings *(see, Mid-Island Shopping Plaza Co. v Cutler,* 112 AD2d 405, 408; *Bomze v Jaybee Photo Suppliers,* 117 Misc 2d 957), and the waiver of the right to seek consolidation is analogous to the waiver of the right to assert a counterclaim. Although in both cases a tenant is precluded from asserting a cause of action in a summary proceeding, because to do so would delay the summary proceeding, the tenant is not deprived of a remedy. The tenant is merely relegated to asserting the cause of action in a separate plenary action *(see, Bomze v Jaybee Photo Suppliers, supra).* Here, the plaintiff contractually agreed not to seek consolidation and, thus, is precluded from delaying the prompt resolution of the summary nonpayment proceeding. Bracken, J. P., Copertino, Pizzuto and Hart, JJ., concur.