OPINION OF THE COURT
Bruce D. Alpert, J.
This motion by plaintiff and counterclaim defendant for leave to amend the former’s response to counterclaims and the lat *171 ter’s answer by raising, as an affirmative defense, the contractual waiver of the defendants’ right to assert counterclaims in proceedings of this nature and, upon such amendment, for the summary dismissal thereof, is determined as hereinafter set forth.
The provision at issue, article XVIII, § 18.3 of the underlying lease, provides, in pertinent part, as follows: “If Landlord commences any proceeding for non-payment of rent (Minimum Annual Rent, Percentage Rent or additional rent), Tenant will not interpose any counterclaim of any nature or description in such proceedings. This shall not, however, be construed as a waiver of Tenant’s right to assert such claims in a separate action brought by Tenant.”
In this court’s view, the waiver clause at issue herein, as applied in the context of plenary litigation, is violative of public policy and, therefore, unenforceable, as it promotes the needless usurpation of limited judicial resources.
While similar clauses have been upheld in the context of special proceedings initiated under article 7 of the RPAPL (see, Bomze v Jaybee Photo Suppliers, 117 Misc 2d 957), such proceedings were expressly designed to be “summary, short, sharp and decisive” (Remedco Corp. v Bryn Mawr Hotel Corp., 45 Misc 2d 586, 591; see also, Trump Vil. Section 2 v Semler, 111 Misc 2d 167; Haskell v Surita, 109 Misc 2d 409) and free of the entanglements and delays with which plenary suits are frequently fraught.
It is the expeditious nature of the remedy itself, and the expectation that landlord/tenant disputes in the commercial realm would be swiftly adjudicated, that justified enforcement of waiver provisions despite the potential for the initiation of companion litigation. (See generally, Titleserv, Inc. v Zenobia, 210 AD2d 310.)
“It is beyond peradventure that legislative power in this State is vested, pursuant to article III of the New York Constitution, in the Senate and Assembly, whose function it is to choose among conflicting considerations, to decide what the policy of the law shall be and to mold the law according to its will, subject only to constitutional restrictions (see, 20 NY Jur 2d, Constitutional Law, § 163).” (Mulvey v Cuviello, 180 Misc 2d 139, 144.)
The mosaic formed by CPLR 601, 602, 1007, 1009, 3011 and 3019 manifests the legislative determination to conserve judicial resources by fostering an atmosphere in which even *172 widely disparate claims between civil litigants may be resolved in one action on a global basis.
The adoption of article 7 of the Real Property Actions and Proceedings Law, which, as hereinabove noted, provides for the expeditious resolution of certain landlord/tenant disputes, is a manifestation of public policy of a different character.
The initiation of a summary proceeding thereunder by a commercial landlord, armed with a negotiated counterclaim waiver provision, results in conflict in those instances where the tenant counterclaims. In that context, the waiver provisions have been enforced and the public policy manifested by the adoption of article 7 of the RPAPL has taken precedence over issues of judicial economy. (See, Titleserv, Inc. v Zenobio, supra; Mid-Island Shopping Plaza Co. v Cutler, 112 AD2d 405, 408; Orlowsky v East House Enters., 32 Misc 2d 664; Linker v Herard, 13 Misc 2d 445; Amazon Mgt. Corp. v Paff, 166 Misc 438; see also, Steinberg v Carreras, 74 Misc 2d 32, 37, revd in part 77 Misc 2d 774.)
Here, the plaintiff, having elected to forgo the mechanism established under article 7 of the RPAPL, lost not only the opportunity to obtain an expedited determination, but the insulation it would have been afforded from the reach of both the defendants’ counterclaims and the countervailing public policy designed to promote judicial economy and limit the potential for disparate results.
Accordingly, the instant application is denied in its entirety.