OPINION OF THE COURT
Per Curiam.
Final judgment entered September 2, 2005, affirmed, with $25 costs. Appeal from orders dated March 30, 2005 and April 26, 2005, and order dated August 10, 2005, dismissed, without costs, as subsumed in the appeal from the judgment.
On April 20, 1999, in the aftermath of years of contentious litigation over alleged defects in tenants’ Park Avenue cooperative apartment, tenants and landlord, represented by counsel, entered into a so-ordered stipulation, in settlement of the third nonpayment summary proceeding commenced against tenants due to their withholding of maintenance. Landlord agreed to credit tenants’ account in the sum of $10,000 and, in exchange, tenants agreed to pay $16,098 in arrears and to not withhold “rent” in the future unless tenants complied with certain procedures, including, as relevant herein, providing written notice to landlord of any conditions alleged to constitute a breach of the warranty of habitability. Notwithstanding the stipulation, tenants withheld maintenance and electricity payments without complying with the agreed-upon procedures. As a result, landlord commenced this (fourth) nonpayment proceeding in November 2004, seeking possession of the apartment premises and substantial arrears. At trial, tenants denied entering into the stipulation and, alternatively, argued that it was void because it purported to modify their statutory rights to assert a *72 breach of the warranty of habitability by requiring that written notice be provided to landlord, in violation of Real Property Law § 235-b.
Civil Court properly enforced the stipulation’s clear and unambiguous notice requirements.
“[W]here the parties, both represented by counsel, have freely entered into a stipulation of settlement in open court, such stipulation will generally be enforced unless public policy is affronted, i.e., where judicial enforcement of such an agreement would be the approval of a transaction which is inherently vicious, wicked or immoral, and shocking to the prevailing moral sense” (1420 Concourse Corp. v Cruz, 135 AD2d 371, 372 [1987], appeal dismissed 73 NY2d 868 [1989]).
“[U]nless public policy is affronted, parties to a civil dispute are free to chart their own litigation course and, in fashioning the basis upon which a particular controversy will be resolved, they ‘ “may stipulate away statutory, and even constitutional rights” ’ ” (id., quoting Mitchell v New York Hosp., 61 NY2d 208, 214 [1984]). Tenants’ contention that the stipulation is void because it purported to modify the statutory warranty of habitability by requiring written notice, raised for the first time five years after they received the benefits of the stipulation, is unavailing. Tenants’ arguments overlook the fact that the stipulation was the culmination of extensive arm’s length negotiations to settle the latest of many disputes arising out of the failure of tenants — one of whom is an experienced real estate and landlord-tenant attorney — to timely pay maintenance based on dubious habitability claims.
It is well settled that in order for a tenant to recover an abatement for breach of the warranty of habitability, “the landlord must have actual or constructive notice of the existence of the condition in need of repair” (Scherer, Residential Landlord-Tenant Law in New York § 12:98 [2006]). Although it has been held that a lease provision purporting to require prior written notice of a condition before the warranty of habitability may be invoked is unenforceable (see Vanderhoff v Casler, 91 AD2d 49, 51 [1983]), there is no blanket prohibition against sophisticated parties, represented by counsel, entering into a so-ordered settlement stipulation setting forth the form of the notice that must be provided before rent or maintenance is withheld. This is especially so here, given the backdrop of the extensive litigation history between the parties and tenants’ “unjustified with *73 holding of maintenance and other payments for extensive periods of time . . . , which compelled the cooperative to bring multiple costly nonpayment proceedings” (1050 Tenants Corp. v Lapidus, 39 AD3d 379, 383 [2007]). The stipulation was designed to ensure that before tenants withheld maintenance, landlord received actual, verifiable notice of any conditions alleged to constitute a breach of the warranty of habitability and a real opportunity to remedy the condition, while reserving tenants’ right to prompt repairs in the event of actual defects. The stipulation neither waived nor substantially impaired tenants’ capacity to rely upon the warranty of habitability. “There is no public policy favoring the repeated assertion of unsustainable arguments, a pattern of delaying tactics designed to inflict extensive costs on the adversary, dishonesty or disingenuousness with the court, [or] disregard of so-ordered stipulations” (1050 Tenants Corp. v Lapidus, 39 AD3d at 384).
We have considered tenants’ remaining arguments and find them unavailing.
McCooe, J.E, Davis and Schoenfeld, JJ., concur.