East 10th Street Associates, LLC, Petitioner-Landlord,

against
Ritter Antik, Inc., Respondent-Tenant, Heinrich Leichter, Respondent-Undertenant.


LT-063578-16/NY

Attorney for Petitioner
Lawrence M. Segan, Esq.
112 Madison Avenue
New York, NY 10016
Attorney for Respondent
Barry S. Schwartz, Esq.
119 West 57th Street
New York, NY 10019


Paul A. Goetz, J.

Background
Petitioner, East 10th Street Associates, LLC ("Petitioner"), commenced this commercial non-payment proceeding against Respondent, tenant, Ritter Antik, Inc., ("Ritter") and Respondent, undertenant, Heinrich Leichter ("Leichter") (collectively "Respondents") on May 11, 2016, seeking a money judgment for unpaid rent, and a judgment of possession.
Issue was joined on May 16, 2016, when Respondents interposed a Verified Answer with nine affirmative defenses and four counterclaims. Respondents affirmative defenses include [FN1]
: Third, breach of the covenant of quite enjoyment; Fourth, partial constructive eviction; Fifth, constructive eviction; Sixth, actual eviction; Seventh, partial actual eviction; Eighth, breach of lease by failing to repair public portions of the building; and Ninth, Leichter is an improper party to the proceeding [FN2]
. Respondents counterclaims are: First, damages relating to breach of the covenant of quit enjoyment; Second, damages relating to constructive eviction; Third, damages relating to partial constructive eviction; Fourth, damages relating to actual eviction.
There is no dispute that Petitioner is the master lessee of the commercial space in a residential cooperative building located at 31-37 East 10th Street, New York, NY 10003 (the "Building") and that Ritter entered into a lease agreement and extensions for commercial premises located at the easterly portion of the ground floor and the basement underneath (the "Premises") in the Building. Respondent operates an antique store in the Premises. There is also no dispute that the Premises are not subject to rent regulations since they are rented for commercial purposes, and that there is currently a multiple dwelling registration on file pursuant to Housing Maintenance Code, Article 41.
Petitioner's Motion to Dismiss Respondents' Affirmative Defenses and Counterclaims
Third affirmative defense, breach of the covenant of quite enjoyment; Fourth affirmative defense, partial constructive eviction; Fifth affirmative defense, constructive eviction; Sixth affirmative defense, actual eviction; Seventh affirmative defense, partial actual eviction; Eighth affirmative defense, breach of lease by failing to repair public portions of the building.
Petitioner seeks rent and additional rent starting from February, 2016.
Leichter alleges in his affidavit in opposition ("Leichter affidavit") that there have been water leaks in the premises since the inception of the tenancy. When the leaks occurred, according to Leichter, the store's inventory had to be moved and covered and the affected areas had to be dry vacuumed. Leichter details four occasions in 2012 and 2013 when leaks caused damage to the store and its inventory and required closing of the store: one month (no particular month specified) in 2013; approximately three weeks in late May, 2014; two to three weeks in August, 2014; and, November 20 through December 10, 2014. Leichter details two additional water leaks in 2015 and 2016: September, 2015 for ten days; and December, 2015 - January, 2016, for one month.
The lease requires, in an unnumbered paragraph on the first page, that the tenant pay rent "without any set off or deduction whatsoever. . . " 
While "a commercial tenant may be relieved of its obligation to pay the full amount of rent due where it has been actually or constructively evicted from either the whole or a part of the leasehold" (Joylaine Rlty. Co., LLC v Samuel, 100 AD3d 706, 706 - 707 [2nd Dept 2012]; accord The Carlyle, LLC v Beekman Garage LLC, 133 AD3d 510 [1st Dept 2015]), a Commercial tenant's constructive eviction defense is not maintainable where the alleged condition predates the period for which arrears are sought (accord Theatre East, Inc. v Zorro Productions, Inc., 2002 NY Slip Op 50183[U], 2002 WL 992103, 2002 NY Misc LEXIS 496 [App T 1st Dept. 2002] [finding commercial tenant's constructive eviction defense not maintainable where the condition postdates period for which arrears were sought]; Earbert Restaurant, Inc. v Little Luxuries, Inc. (99 AD2d 734 [1st Dept 1984] [reversing Supreme Court's order consolidating a non-payment proceeding with a Supreme Court negligence action brought by the commercial tenant against the landlord for damage allegedly caused by flooding from a broken water pipe, in part, because there were no common questions of law or fact since the landlord sought rent arrears for a period at least five months after the alleged flooding.]). 
Respondents do not allege that they were actually or constructively evicted from any portion of the premises during the period for which rent is sought. Respondents make these allegations concerning a period prior to the time when rent arrears started accruing. Therefore, by Respondents own recitation of the facts, no actual or constructive eviction is asserted for the period relevant to this proceeding.
Accordingly, Respondents' third, fourth, fifth, sixth, seventh, and eighth affirmative defenses are dismissed.
First counterclaim, breach of the covenant of quiet enjoyment; Second counterclaim, constructive eviction; Third counterclaim, partial constructive eviction, [*2]Fourth counterclaim, actual eviction.
Paragraph 25 of the lease provides in pertinent part "that in the event [Petitioner] commences any summary proceeding for possession of the premises, Tenant will not interpose any counterclaim of whatever nature or description of any such proceeding."
"[C]ourts have generally enforced lease provisions precluding tenants from interposing counterclaims in summary proceedings" (Titleserv, Inc. v Zenobio, Jr., 210 AD2d 310, 311 [2nd Dept 1994]). Where a no counterclaim clause in a summary proceeding is enforced, the tenant is "relegated to asserting the cause of action in a separate plenary action" (Id.), otherwise summary proceedings would be unnecessarily delayed (Id.).
However, a no counterclaim provision in a commercial lease will not operate as a bar to a tenant's asserting counterclaims in a summary proceeding when the counter claims are "inextricably intertwined" with the landlord's claims (All 4 Sports & Fitness, Inc. v Kane, 22 AD3d 512, 514 [2nd Dept 2005] [holding that alleged overpayment of common area maintenance charges, treated as additional rent, is inextricably intertwined with the landlord's claim for rent]).
All of the factual allegations supporting Respondents' counterclaims, as set forth in the Leichter affidavit, relate to periods prior to the period of time for which Petitioner seeks rent arrears. Since the allegations in support of Respondents' counterclaims are not temporally related to the petition, the Court holds that Respondents' counterclaims are not inextricably intertwined with Petitioner's claim for rent (Cf. 1376 Third Ave., LLC v MBHB, LLC, 3 Misc 3d 127 [A] [App T 1st Dept 2004] [holding tenant's claim for a rent abatement and counterclaim for damages arising out of tenant's excavation of the yard of the premises not inextricably intertwined with landlord's claim for rent]). Therefore, the no counterclaim provision in paragraph 25 of the lease is enforceable in this proceeding (Titleserv, Inc., 210 AD2d at 311).
Accordingly, Respondents' first through fourth counterclaims are dismissed without prejudice.
Petitioner's Motion for Summary Judgment
" [T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (Jacobson v New York City Health and Hospitals Corp., 22 NY3d 824, 833 [2014] [quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 (1986)]. "This burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party.'" (Id. [quoting William J. Jenack Estate Appraisers and Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 (2013)]. "If the moving party meets this burden, the [*3]burden then shifts to the non-moving party to establish the existence of material issues of fact which require a trial of the action.'"(Id. [quoting Vega v Restani Constr. Corp., 18 NY3d 499, 503 (2012)]).
Petitioner's moving papers establish that it is Ritter's landlord, that it served a predicate rent demand on Ritter, that Ritter has not paid the amount of $67,853.95 as all rental arrears owed through June 1, 2016, that the premises are not subject to rent regulation, and that the premises are located in a multiple-dwelling that is currently registered with office of Code Enforcement (Jacobson, 22 NY3d at 833). Ritter fails to establish the existence of material issues of fact warranting a trial in this proceeding (Id.).
Accordingly, Petitioner's motion for summary judgment is granted.
Based on the foregoing, it is hereby
ORDERED that the Petition is DISMISSED as to Leichter;
ORDERED that Respondents' third through eighth affirmative defenses are DISMISSED; and it is further
ORDERED that Respondents' first through fourth counterclaims are DISMISSED without prejudice; and it is further
ORDERED that a judgment of possession shall be awarded to Petitioner, warrant of eviction to issue forthwith with execution stayed 5 days;
ORDERED that a money judgment shall be awarded to Petitioner and against Ritter in the amount of $67,853.95 as all rental arrears owed through June 1, 2016.
This constitutes the Decision and Order of the Court.
Dated: August 24, 2016
ENTER:
_____________________________________
PAUL A. GOETZ, J.C.C.



Footnotes

Footnote 1:By their Memorandum of Law submitted in opposition to Petitioner's motion, Respondents withdrew their first and second affirmative defenses.

Footnote 2:Petitioner concedes in its reply papers that the petition as to Leichter should be dismissed.