## 85 Stanton Realty LLC v Street Lawyer Servs. NYC, LLC

2025 NY Slip Op 32391(U)

July 8, 2025

Supreme Court, New York County

Docket Number: Index No. 152303/2023

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 41M

-------------------------------------------------------------------------------X

85 STANTON REALTY LLC,

|  | | |
|---|---|---|
| **INDEX NO.** | | 152303/2023 |
| **MOTION DATE** | | 05/04/2023 |
| **MOTION SEQ. NO.** | | 001 |

Plaintiff,

- v -

STREET LAWYER SERVICES NYC, LLC,LONNY
BRAMZON, PETER DE VRIES, XYZ CORPORATIONS,
JOHN OR JANE DOES,

Defendant.

**DECISION + ORDER ON
MOTION**

-------------------------------------------------------------------------------X

HON. NICHOLAS W. MOYNE:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11,
12, 13, 14, 15, 16, 32, 40, 41, 44, 45, 49

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER                   .

Upon the foregoing documents, it is

The Plaintiff, 85 Stanton Realty LLC (hereinafter "Landlord"), has moved this Court for
an order: (i) granting summary judgment on its First Cause of Action for breach of lease against
Defendant Street Lawyer Services NYC, LLC (hereinafter "Tenant") and on its Second Cause of
Action for breach of guaranty against Defendant Lonny Bramzon (hereinafter "Guarantor"); (ii)
directing the Clerk to enter judgment against Tenant and Guarantor in the liquidated amount of
$239,250.00, with interest, and severing all claims for unliquidated amounts and all remaining
causes of action; (iii) dismissing the affirmative defenses asserted by Defendants in their Verified
Answer; and (iv) dismissing the counterclaims asserted by Defendants in their Verified Answer.

The motion is supported by the Affidavit of Terrence Lowenberg ("Landlord Affidavit"),
the Affirmation of Scott L. Swanson ("Swanson Affirmation"), the Motion Memorandum, a
Statement of Facts, and various exhibits including the Lease, Guaranty, and Rent Statement.
Defendants Tenant and Guarantor oppose the motion, submitting an Opposition Affidavit from
Lonny Bramzon. Plaintiff subsequently submitted a Reply Affirmation from Scott Swanson.

**I. Factual and Procedural Background**

Plaintiff 85 Stanton Realty LLC is the Landlord of a commercial property located at 85
Stanton Street, New York, New York (the "Premises"). On July 31, 2021, Landlord entered into a
commercial lease agreement (the "Lease") with Street Lawyer Services NYC, LLC, as Tenant,
for a ten-year term commencing August 18, 2021, and expiring August 2031. The Lease
obligated Tenant to pay fixed rent commencing November 18, 2021, following a three-month
free rent credit. The obligations of Tenant under the Lease were secured by a $30,000.00 security
deposit and a personal guaranty executed by Lonny Bramzon, the Guarantor.

[* 1]

The Lease explicitly states that rent obligations are payable "without any set off, counterclaim or deduction whatsoever". The Guaranty executed by Lonny Bramzon is likewise unconditional and expressly "not subject to any set-off or defense based upon any claim Guarantor may have against Landlord". The Guaranty included a "good-guy provision" which allowed the Guarantor to limit his liability under specific conditions, including vacating the premises, removing property, surrendering keys, compliance with the Lease, and the expiration of ninety (90) days following written notice to Landlord, provided such date was not earlier than the eighteenth (18) month anniversary of the Rent Commencement Date.

It is undisputed that Tenant defaulted on its payment obligations under the Lease, making its last payment in September 2022 and failing to remit any payment thereafter. By January 2023, Guarantor openly repudiated Tenant's obligations, indicating that Tenant was "closing" and would "vacate the premises" due to financial inability. By February 2023, Tenant had ceased operations and abandoned the Premises with no intent to return, which the plaintiff contends constituted an independent event of default under the Lease. Landlord subsequently relet the Premises to a replacement tenant, DMC Lounge Inc., pursuant to a lease dated April 11, 2023. The Landlord claims that as of May 3, 2023, the replacement tenant had not yet opened for business nor paid any rent due to a free-rent credit. It is unclear from the record what the replacement tenant's current status is.

Plaintiff filed its Verified Complaint on March 10, 2023, asserting claims for breach of lease (First Cause of Action), breach of guaranty (Second Cause of Action), insider transfer avoidance (Third Cause of Action), and fraudulent conveyance (Fourth Cause of Action). Defendants Tenant and Guarantor filed an unverified Answer on April 14, 2023, generally denying the allegations and asserting thirteen boilerplate affirmative defenses and three counterclaims: for accounting, anticipatory breach, and intentional interference with prospective economic advantage. Defendant Peter De Vries, a named transferee, filed a separate Verified Answer. Plaintiff now seeks summary judgment on the first two causes of action, dismissal of defenses and counterclaims, and severance of the remaining claims.

## II. Legal Standard for Summary Judgment

A party moving for summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law, presenting sufficient evidence to demonstrate the absence of any material factual issue (*see Winegard v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]. Once this showing is made, the burden shifts to the non-moving party to present competent and admissible evidence demonstrating the existence of a genuine issue of material fact for trial *(see Zuckerman v. City of New York*, 49 NY2d 557, 560 [1980]; *see also Fender v Prescott*, 101 AD2d 418, 425 [1st Dept 1980] [only bona fide issues raised by the non-moving party and supported by evidentiary facts can defeat summary judgment] *aff'd* 64 NY2d 1077 [1985]. Mere denials or conclusory allegations are insufficient to defeat a motion for summary judgment (*see Zuckerman*, 49 NY2d at 562). Doubts as to the existence of a triable issue must be resolved in favor of the non-moving party (*see Rotuba Extruders, Inc. v Ceppos*, 46 NY2d 223, 231 [1978]).

## III. Discussion

### A. Landlord's Motion for Summary Judgment on Liability for Breach of Lease (First Cause of Action) and Breach of Guaranty (Second Cause of Action) Should Be Granted.

**152303/2023   85 STANTON REALTY LLC vs. STREET LAWYER SERVICES NYC, LLC ET AL**          **Page 2 of 6**
**Motion No.  001**

2 of 6

## 1. Breach of Lease (First Cause of Action)

To establish a *prima facie* case for breach of lease, a landlord must demonstrate the existence of a valid lease, the tenant's failure to pay rent, and the calculation of amounts due (*see Thor Gallery at S. Dekalb, LLC v. Reliance Mediaworks (USA) Inc.*, 143 AD3d 498, 498 [1st Dept 2016]). Here, Landlord has undisputedly provided evidence of the Lease agreement dated July 31, 2021. It is also undisputed that Tenant failed to pay rent since September 2022 and openly repudiated the Lease and abandoned the Premises by February 2023. These actions constitute material defaults under the Lease, for which the Tenant was not entitled to any notice or opportunity to cure and which entitled the Landlord to exercise its default remedies.

The Lease explicitly provides that rent obligations are payable "without any set off, counterclaim or deduction whatsoever". New York courts consistently uphold such provisions, precluding a tenant from withholding rent even if a valid defense were to exist (*see Parasram v DeCambre*, 247 AD2d 283, 284 [1st Dept 1998]; *Earbert Restaurant, Inc.*, *v Little Luxuries*, 99 AD2d 734 [1st Dept 1984]). Therefore, the existence of the Lease and Tenant's failure to pay rent as contractually obligated establishes Landlord's *prima facie* entitlement to summary judgment on liability for breach of lease.

## 2. Breach of Guaranty (Second Cause of Action)

The same standards apply to the claim for breach of guaranty. Landlord has submitted the personal Guaranty executed by Lonny Bramzon. The Guaranty expressly provides that Guarantor's obligations are **unconditional** and "not subject to any set-off or defense based upon any claim Guarantor may have against Landlord". Furthermore, the Guaranty explicitly waives "any defense to or limitation on the liability or obligations of Tenant under the Lease". New York courts have consistently enforced such waiver provisions, making it exceptionally difficult for a guarantor to raise a triable issue of fact as to liability (*see, e.g., Red Tulip, LLC v. Neiva*, 44 AD3d 204, 209 [guaranty with waiver of all defenses except "actual payment" represented "insurmountable obstacle" for guarantor attempting to raise triable issue of fact as to liability under guaranty to avoid summary judgment]).

The "Good Guy Provision" in the Guaranty allows for a limitation of liability only if specific conditions are met, including that Tenant is not in default (beyond applicable notice and cure periods) and that liability is limited to obligations accruing up to the later of certain conditions, but "in no event shall any such date be earlier than the eighteenth (18) month anniversary of the Rent Commencement Date". The Rent Commencement Date was November 18, 2021. The 18-month anniversary would therefore be May 18, 2023. It is undisputed that Tenant was in default of its payment obligations since September 2022 and abandoned the premises by February 2023, prior to this 18-month anniversary. Moreover, Guarantor failed to comply with other "Good Guy Requirements" such as remaining in compliance with the lease and delivering the keys in accordance with the lease. Accordingly, the conditions for limiting Guarantor's liability were not met.

Given the undisputed facts of Tenant's default and the unconditional nature of the Guaranty, Landlord has established its *prima facie* entitlement to summary judgment on liability for breach of guaranty.

152303/2023   85 STANTON REALTY LLC vs. STREET LAWYER SERVICES NYC, LLC ET AL          Page 3 of 6
Motion No.  001

3 of 6

**B. Landlord's Motion for Summary Judgment on Damages Should Be Granted for the Undisputed Amounts, with a Potential for Inquest on Limited Disputed Elements.**

Landlord initially sought $239,250.00 in liquidated damages. In its reply, Landlord conceded the disputed monthly fixed rent amount, agreeing to calculate it at $12,000.00 per month instead of $14,500.00, thereby reducing the "Undisputed Liquidated Claim Amount" to $198,000.00. This concession resolves the defendants' primary objection to the fixed rent calculation. The defendants also argued that the $30,000.00 security deposit should be deducted. However, the Lease expressly permits Landlord to hold the security deposit until the natural expiration of the Lease in 2031, stating it is "security for the obligations of Defendant through the 'date fixed as the end of the lease' without any obligation to apply the security to any amounts before that time". Furthermore, the Guaranty explicitly provides that "any security deposit under the Lease shall not be credited against amounts payable by Tenant or by Guarantor under this Guaranty". These contractual provisions preclude the deduction of the security deposit at this stage.

Defendants also contend that "Go-Dark Damages" are calculated "per day" and should have ceased on April 10, 2023, as the Premises were relet on April 11, 2023. The Lease's "Go-Dark Provision" explicitly entitles Landlord to damages "at a rate equal to twice the fixed rent per day for each and every day Tenant shall fail to be open for business to the public. Landlord states that the replacement tenant had not yet opened for business as of May 3, 2023. The reletting of the premises does not automatically terminate "go-dark" damages if the new tenant has not yet commenced business operations. While the precise calculation of these damages beyond May 3, 2023, may require further clarification, this does not defeat summary judgment on the underlying entitlement to these damages or the liquidated amount already claimed. Defendants argue that Landlord cannot be unjustly enriched by reletting the premises (as of April 11, 2023) and still claiming full damages for subsequent months, particularly given the alleged three months of free rent given to the replacement tenant. Landlord's reply correctly points out that the Lease permits recovery of any deficiency from reletting, including concessions like free rent, as well as reletting expenses, legal fees, and other costs . These contractual terms generally allow Landlord to offset its costs against new rent collected, eliminating any claims of unjust enrichment. Speculation about unjust enrichment or unproven concessions is insufficient to defeat summary judgment. The reference to a prior unrelated case (*85 Stanton Realty LLC v. Velvette Brew Corp.*) where Landlord stated it "mitigated damages" is not binding on the specific contractual terms and damages calculations in the instant Lease.

Therefore, Landlord has sufficiently supported its claim for liquidated damages, with the remaining minor points of contention regarding precise damages post-May 3, 2023, being appropriate for an inquest or damages trial, rather than precluding summary judgment on liability.

**C. Defendants' Affirmative Defenses and Counterclaims Should Be Dismissed.**

**1. Affirmative Defenses**

Defendants asserted thirteen affirmative defenses, largely presented as single words or phrases such as "Failure to state a cause of action," "Ambiguity," "Economic Duress," "Illegal purpose," "Failure to mitigate damages," "Unclean hands," and others. Landlord argues that these are boilerplate, conclusory, and lack factual support, thus failing to state a valid defense under

**152303/2023   85 STANTON REALTY LLC vs. STREET LAWYER SERVICES NYC, LLC ET AL**          Page 4 of 6
    **Motion No.  001**

CPLR 3211(b). New York courts consistently hold that affirmative defenses pleaded as bare legal conclusions without factual allegations are insufficient and subject to dismissal. It is not necessary for either this Court or the Landlord to sift through a list of boilerplate and/or conclusory affirmative defenses in order to divine which defenses might in theory be applicable to this case. (*see Scholastic Inc. v Pace Plumbing Corp.*, 129 AD3d 75, 79 [1st Dept. 2015]. Defendants' opposition papers provide no factual data or explanation for any of these defenses . Defendants' general assertion that their defenses "must be preserved" due to a "miscalculation" is conclusory and does not provide specific factual bases for each defense. Accordingly, the affirmative defenses are fatally deficient and are dismissed.

### 2. Counterclaims

Defendants asserted three counterclaims: (1) Accounting, (2) Anticipatory Breach, and (3) Intentional Interference with prospective economic advantage. Landlord seeks dismissal under CPLR 3211(a)(1), (6), and (7).

First, the Lease contains a strong counterclaim-waiver clause, stating Tenant "shall not interpose any counterclaim, set off, or defense to such summary proceedings (other than mandatory or compulsory counterclaims that would otherwise be waived)" and explicitly waiving the right to consolidate claims. New York courts consistently uphold such waivers in commercial leases (*see Titleserv v Zenobio*, 210 AD2d 310, 311 [2d Dept 1994]). Second, each of Defendants' counterclaims are facially defective and fail to state a claim under CPLR 3211(a)(7). The counterclaim for an accounting is based on the wholly unsupported assertion that the Landlord's claimed damages are exaggerated and damages, if any, are uncertain. This is not a counterclaim for accounting or for that matter a counterclaim at all. It is a general denial of damages. The counterclaim for anticipatory breach alleges that Landlord "repudiated prior to the date that the Defendant's performance was due by interfering with Defendant's business and threatening immediate eviction". Such vague allegations, lacking specific factual details regarding the nature of the alleged interference or threats, are clearly insufficient. Finally, the counterclaim for intentional interference with prospective economic advantage asserts that Landlord "knew of Defendant's business relationships with third parties, interfered with those business relations, acted with the sole purpose of harming defendant or used dishonest, unfair, or improper means, and injured Defendant". To state such a claim, a plaintiff must allege a specific business relationship with an identified third party and that the interference was accomplished by wrongful means (e.g., crime, independent tort) or for the sole purpose of harming the plaintiff (*see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp.*, 153 AD3d 1351, 1354 [2d Dept 2017]). Defendants' allegations are devoid of such specificity. Therefore, the counterclaims are both barred by the contractual waiver and fail to state a claim and are accordingly dismissed.

### D. Severance of the Third and Fourth Causes of Action Should Be Granted.

Landlord seeks to sever the Third and Fourth Causes of Action (insider transfer avoidance and fraudulent conveyance) from the breach of lease and guaranty claims, to allow for an immediate money judgment on the contract claims. Defendants argue against severance, citing concerns about prejudice, cost, and judicial economy.

The Third and Fourth Causes of Action involve complex and fact-intensive allegations of fraudulent transfers of assets, requiring discovery distinct from the straightforward breach of

**152303/2023   85 STANTON REALTY LLC vs. STREET LAWYER SERVICES NYC, LLC ET AL**       **Page 5 of 6**
      **Motion No.   001**

5 of 6

contract claims. Granting an immediate money judgment on the liquidated contract claims, where liability is clearly established, serves the interest of judicial economy by streamlining the litigation and potentially facilitating settlement without requiring extensive and costly discovery on the fraudulent transfer claims. Defendants' generalized claims of prejudice and cost do not outweigh the benefits of judicial efficiency in this instance.

## IV. Conclusion

Based on the foregoing, Landlord has established its *prima facie* entitlement to summary judgment on its claims for breach of lease and breach of guaranty, and Defendants have failed to raise a genuine issue of material fact to preclude such judgment. Defendants' affirmative defenses and counterclaims are procedurally deficient and contractually waived. Severance of the remaining claims is appropriate to promote judicial economy.

Accordingly, it is hereby:

**ORDERED** that Plaintiff's motion for summary judgment is GRANTED as to the First Cause of Action against Defendant Street Lawyer Services NYC, LLC, and the Second Cause of Action against Defendant Lonny Bramzon, as to liability; and it is further

**ORDERED** that Plaintiff is awarded judgment against Defendant Street Lawyer Services NYC, LLC, and Lonny Bramzon, jointly and severally, in the liquidated amount of $198,000.00, representing the undisputed liquidated claim amount, with interest to accrue on such amount at the contract rate of ten percent (10%) per annum from the date of the motion (May 3, 2023) through the date of entry of judgment; and it is further

**ORDERED** that the Third and Fourth Causes of Action in the Verified Complaint, along with all claims for unliquidated amounts due under the First and Second Causes of Action, are SEVERED from this action; and it is further

**ORDERED** that the affirmative defenses asserted by Defendants Street Lawyer Services NYC, LLC and Lonny Bramzon in their Verified Answer are DISMISSED; and it is further

**ORDERED** that the counterclaims asserted by Defendants Street Lawyer Services NYC, LLC and Lonny Bramzon in their Verified Answer are DISMISSED; and it is further

**ORDERED** that the Clerk is directed to enter judgment accordingly.

20250708191128NWMOYNE694DC051A0F649DAB9191980000B456C

| | |
|---|---|
| **7/8/2025** | |
| **DATE** | **NICHOLAS W. MOYNE, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

152303/2023   85 STANTON REALTY LLC vs. STREET LAWYER SERVICES NYC, LLC ET AL          Page 6 of 6
Motion No.  001

6 of 6

[* 6]